ELI S. GRIFFIN, plaintiff in error, *vs.* LAWTON & WILLING-HAM, defendants in error.

1. A draft accepted and paid by accommodation acceptors, may be set out by way of inducement to the action brought by them against the drawer, and with proper averments the suit can be maintained.

2. Recoupment can only be pleaded when the deduction from the plaintiff's damages is claimed on account of his failure to comply with the cross-obligations or independent covenants *arising under the contract.* If the plea does not show this, it is demurrable.

Pleadings. Acceptance. Recoupment. Before Judge HILL. Twiggs Superior Court. October Term, 1874.

Lawton & Willingham brought complaint against Eli S. Griffin on a draft drawn by said defendant on the plaintiffs and accepted by them, dated June 6th, 1873, due October 25th next thereafter, for the sum of $443 00. The declaration alleged that the defendant was indebted to the plaintiffs as accommodation acceptors on the aforesaid paper, which they had paid when due. To the declaration was attached a copy of the draft.

The defendant pleaded the general issue, and that the plaintiffs had damaged him $500 00, in this, that they undertook and agreed with him, in consideration of his carrying his cotton to them, to furnish him with supplies and money to make his crop for the year 1873, and they totally failed to comply with their said obligation, by reason of which he has been damaged the sum aforesaid, which he prays may be recouped, etc.

When the case was called the defendant demurred to the declaration. The demurrer was overruled, and the defendant excepted.

Griffin *vs.* Lawton & Willingham.

The plaintiffs then demurred to the plea of recoupment. The demurrer was sustained, and the defendant excepted.

A verdict was rendered for the plaintiffs for the amount sued for. Error is assigned upon each of the aforesaid grounds of exception.

WOOTEN & SIMMONS; JOHN H. JONES; R. H. CLARK, for plaintiff in error.

LYON & JACKSON; WHITTLE & GUSTIN, for defendants.

TRIPPE, Judge.

1. The decision in *Turner vs. Thompson, Kendrick & Company*, 23 *Georgia*, 49, determines the first point made in this case, to-wit: that accommodation acceptors in a suit against the drawer of a draft which they have paid, may, in their petition, set out the draft as an inducement to the action. The writ before us is almost identical with the one in the case referred to, as will be seen by referring to the original record on file in the office of the clerk of this court. It was urged in the argument that the petition was defective, in that it did not set out a bill of particulars. Without further reply, it is sufficient to say, there was no bill of particulars to the writ passed on in *Turner vs. Thompson et al., supra.* Precisely the same point was made there which is made here, with the pleadings nearly identical, and the motion to dismiss was overruled.

2. The demurrer to the plea of recoupment was properly sustained. The plea alleged no connection or relation between the contract under which defendant claims the deduction and the one sued on by plaintiffs. Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants *arising under the same contract.* It is confined to the contract on which plaintiff sues: Code, secs. 2909, 2910.

Judgment affirmed.