Central Railroad *vs.* First National Bank of Lynchburg, Virginia.

CENTRAL RAILROAD *vs.* FIRST NATIONAL BANK OF LYNCH-BURG, VIRGINIA.

1. Where a draft was made payable to the order of the cashier of a bank, and was by him indorsed to the cashier of another bank "for collection, for account of" the first bank, this was nothing more than a warrant of attorney authorizing the indorsee to collect the amount due on the draft for the indorser.   It conveyed no title except for that purpose, and was notice to all persons subsequently dealing with it that the indorser had not parted with the title or intended to transfer the ownership of the proceeds to another.

2. Where the cashier to whom a draft was thus indorsed in turn indorsed it to a third person "for account of" the second bank, and the person to whom it was thus indorsed received the money from the drawees, it received that which belonged to the original payee, and this put it in privity with such payee to such an extent that, upon failure to pay on demand, an action for money had and received would lie.

(*a.*) The reception by one of money which belongs to another, and a demand by that other, makes all the privity necessary to maintain an action for money had and received.

3. The final indorsee making the collection could not apply the amount received to a claim held by him against the bank last indorsing, as against the original payee.

September 16, 1884.

Negotiable Instruments.   Indorsement.   Notice.   Privity.   Actions.   Title.   Before Judge BOWER.   Dougherty Superior Court.   April Term, 1884.

Reported in the decision.

W. T. JONES; LYON & GRESHAM, for plaintiff in error.

D. H. POPE; G. J. WRIGHT, for defendant.

BLANDFORD, Justice.          . .

The defendant in error brought its action for money had and received, against the plaintiff in error, alleging that plaintiff in error had received from one Mayer & Glauber a sum of money due on a draft of which the following is a copy:

"$276.85.          LYNCHBURG, VIRGINIA, February 17, 1881.

Sixty days after date, pay to the order of Allen W. Tally, cashier, two hundred and seventy-six dollars and eighty-five cents, with current rate of exchange on New York, value received, and charge the same to account of          HUNTER & MARSHALL.

To S. Mayer & Glauber, }
   Albany, Georgia." }

On the back of the draft were the following indorsements: First:

"Pay W. H. Patterson, cashier, or order, for collection for account of First National Bank, Lynchburg, Va.     (Sgd.)   Allen W. Tally, cashier."

Second:

"Pay to John A. Davis, agent, or order, for account of Citizens' Bank of Georgia, Atlanta, Ga.   (Sgd.)   W. H. Patterson, cashier.'

The evidence showed that the plaintiff in error had collected this draft; upon demand being made on plaintiff in error for the payment of the money thus collected by the attorney for defendant in error, payment was refused; the railroad claimed that the Citizens' Bank was indebted to it, and that they had given that bank credit for the amount thus collected.   It was further shown that the Citizens' Bank had failed before the money had been collected by the Central Railroad and Banking Company.*

The court below held that the Central Railroad and Banking Company was liable to the defendant in error, and this ruling is assigned as error.

1. The qualified indorsements on the back of this draft by the cashier of The First National Bank of Lynchburg, whereby he directs payment to be made to W. H. Patter-

*Davis was agent of the railroad company.

son, cashier of the Citizens' Bank, or order, for collection for account of First National Bank, Lynchburg, Va., was nothing more nor less than a warrant of attorney authorizing the indorsee to collect the amount due on the draft for the indorser. It conveyed no title to the paper, but was notice to all persons subsequently dealing with this paper that defendant in error had not parted with the title or intended to transfer the ownership of the proceeds to another. The legal import and effect of the indorsement was to notify the plaintiff in error that the defendant in error was the owner of the draft, and that the Citizens' Bank was merely its agent for collection; that a qualified title for this purpose only, and no other, was in the Citizens' Bank. Morse on Banks, 52 ; Swift *vs.* Tyson, 16 Peters, 1; 1 Howard, 234; 3 Penn St., 348; 22 Md., 148; 1 Wall., 166; 102 U. S., 658; 1 Bond, 389; 11 R. I., 119; 51 Iowa, 15.

2. But it is insisted that there was no privity between these parties respecting this transaction, so as to authorize this action. When the plaintiff in error received from Mayer & Glauber the money due on the draft, they received something which belonged to the defendants in error; it was their money, and this act put them in privity for the purpose of this action. Where one person is in possession of money which of right and in equity belongs to another, this action may be maintained for its recovery. The law implies a promise on the part of any person who has received the money of another to pay that person on demand. The reception of money by one and the demand by the other makes all the privity that is necessary to maintain this action.

And we are clear that plaintiff in error had no right to retain the proceeds of this draft as payment of or security for any balance which the Citizens' Bank might be due it.

Judgment affirmed.