## 6377.  KNIGHT *et al. v.* ROBERTS, executor.

An action for money had and received lies in all cases where another has
received money which the plaintiff, ex æquo et bono, is entitled to re-
cover and which the defendant is not entitled in 'good conscience to
retain.

DECIDED JANUARY 27, 1916.

Complaint; from city court of Valdosta—Judge Cranford.  Jan-
uary 19, 1915.

*Whitaker & Dukes,* for plaintiffs.

*E. K. Wilcox,* for defendant.

RUSSELL, C. J.   This suit was brought to recover a specified
sum of money alleged to be the undivided interest of the plaintiffs
in certain sums of money collected at various times by the testatrix
of the defendant as the proceeds of certain sales of property (tim-
ber and turpentine rights) in which the plaintiffs alleged they
were vested with title.   It is alleged in the petition, that the mother
of the plaintiffs, now deceased, was one of the legatees under the
will of James W. Roberts; that by the terms of this instrument
the defendant's testatrix had only a life-estate in certain lands,
the fee in remainder being vested in the mother of the plaintiffs,
jointly with other named persons; that the defendant's testatrix,
having only the use of the premises for life, at divers times col-
lected money from the sale of the real property, to which the plain-
tiffs through their mother were entitled, and instead of paying it
over to them or either of them she had converted this money to
her own use.   The learned trial judge dismissed the petition on
general demurrer; and in this we think he erred.

The lower court was perhaps of the opinion that the action was
demurrable upon the theory that the title to realty was involved.
Conceding that assumpsit is primarily a personal action and is
not a proper remedy for the trial of title to realty (2 R. C. L.
750, § 9), and that the most frequent application of waiving a tort
and suing in assumpsit is to be found where the cause of action
is based on conversion of personal property (2 R. C. L. 755, § 15),
still we do not think this case is one in which a decision of the
question whether one might sue for the result of a tort, such as a
naked trespass on lands, by bringing an action of assumpsit is in-
volved.   In the present case it is true, as insisted by the defendant,
that, so far as appears from the petition, the money for the privi-

leges sold was received by Mrs. Roberts before any of the timber was severed from the realty. She had nothing to do with severing it from the realty, and the trespass created only a liability for damages, and perhaps assumpsit would not lie to recover damages for the tort (2 R. C. L., 758, § 17). It is undoubtedly true that Mrs. Roberts's executor, if she had wrongfully converted the timber herself or had procured another to commit the trespass, could be held liable only in an action for trespass, and if the action had been brought to recover the true value of the timber converted, it would have been demurrable. If the petition had evidenced an intention on the part of the plaintiffs to sue upon the tort, the action would be subject to demurrer. But in suing for the amount reached by exact calculation as the proportionate share of the plaintiffs in the gross sum received by the defendant's testatrix, it is apparent that the plaintiffs did not treat the sale of their property as a tort. It is apparent that they ratified the sale and recognized Mrs. Roberts as their agent in the sale of their property at a fair value, and they then allege that this agent failed to account to them for the money received from this sale, to which they did not object. The suit is not for the value of the realty; so far as the petition discloses, the amount received may or may not have been disproportioned to its true worth; but the plaintiffs sue for their share of the money alleged to have been actually received. From this it must be admitted that the amount was satisfactory to the true owners, and the case must be considered as if there had been in fact no trespass. While the petition states the facts upon which the plaintiffs rely, the claim of title to the land, and the several sales of standing timber and turpentine rights for which the defendant's testatrix received several sums of money, these allegations are evidently made only for the purpose of informing the defendant how the testatrix came to be in possession of the money of the plaintiffs, and why for that reason her executor is bound ex æquo et bono to account therefor. The omission to allege a trespass and a wrongful sale and cutting of the timber would of itself strengthen the duty imposed by good conscience to account for the fund received for the sale of the property and held in trust. So much for the objection that the property sold was realty, since the allegations apparently to that effect, as we have already stated, viewing the petition as a whole, must be treated merely as a part of the

history of the transaction. The suit, to our minds, is plainly one for a certain amount of money which the defendant's testatrix is alleged to have received while sustaining such a relation to the plaintiffs as that her personal representative could not in equity and good conscience be permitted to retain it in disregard of their demand for an accounting and payment. *Judgment reversed.*