JACKSON BANKING COMPANY *v.* GASTON, commissioner, *et al.*

GILBERT, J. The allegations of the petition in this case, as amended, are substantially as follows: Jackson Banking Company purchased from the original holders and had transferred to itself, in good faith, warrants drawn upon the treasurer of Butts County during the year 1906 against specified funds, in the aggregate of $14,783.97. In the case of Jackson Banking Co. *v.* Butts County, No. 778, filed Feb. 27, 1907, in Butts superior court, which was a contest over a specific fund subject to distribution, it was held that Jackson Banking Company was entitled, out of such fund, to payment upon the warrants held by it to the amount of $9877.11, but that when duly prorated it had received of said fund only $7439.11, leaving a balance of $7344.86, with interest, due upon the warrants. The officer of the county charged with the duty of levying taxes for the payment of said warrants has failed and refused to make such levy. There has not, at any time since the issuance of said warrants, been in the hands of the treasurer a sufficient fund out of which they could have been paid; the non-payment has been due solely to the failure to levy the tax and provide a fund for their payment, and the plaintiff has not been in laches in the matter. The prayers are that Gaston as commissioner, or the officials of the county charged with the duty of making tax levies, be by mandamus compelled to levy a tax in such sums and at such times as may be necessary and proper to pay such judgment as may be required under the petition. The defendant interposed a demurrer based on the ground that the petition set out no cause of action, and showed on its face that it was barred, and that the "claim" had not been presented within twelve months; also upon numerous special grounds. *Held:*

1. None of the special demurrers can be decided, because the trial court made no ruling thereon.

2. The suit was not barred by the statute of limitations, which begins to run only when demand for payment is repudiated or from the time when a fund out of which the warrants can be paid is provided. *Justices* v. *Orr*, 12 *Ga.* 137, 141; Barnes *v.* Turner, 10 L. R. A. (N. S.) 478 (14 Okla. 284, 78 Pac. 108, 2 Ann. Cas. 391). County warrants are not such "claims" as are required to be presented within twelve months after they accrue or become payable, as required by the Civil Code, § 411. *Dement* v. *DeKalb County*, 97 *Ga.* 733, 735 (25 S. E. 382); *Butts County* v. *Wright*, 136 *Ga.* 697 (71 S. E. 1046).

3. The petition set out a cause of action. Whether good in all respects is

not for decision. The judgment sustaining the general demurrer and dismissing the suit was erroneous. Civid Code, § 507; *Waller* v. *Perkins*, 52 *Ga.* 233; *Wright* v. *Southern Railway Co.*, 146 *Ga.* 581 (91 S. E. 681).          *Judgment reversed. All the Justices concur.*

No. 1054. MARCH 15, 1919. REHEARING DENIED APRIL 18, 1919.

Petition for mandamus. Before Judge Searcy. Butts superior court. June 7, 1918.

*C. L. Redman* and *C. J. Haden,* for plaintiff.

*W. E. Watkins,* for defendants.