### 11888. ZAPF REALTY COMPANY *v.* BROWN.

1. An action for money had and received lies in all cases where another has received money which the plaintiff, ex æquo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain.
2. Where a buyer alleges that a realty company had in its possession money deposited with it to bind a client of that company to convey cer-

tain land to the buyer upon condition that the title to the land could be made merchantable within a reasonable time, and that, if the title could not be made merchantable within such time, the money would be returned to the buyer, an amendment alleging that the company induced the buyer to turn over the money to it by fraudulently representing that the title was free from incumbrances, when in fact it had specified incumbrances on it, merely amplified the cause of action set out in the petition, and was not objectionable either as setting out a new cause of action or as failing to allege sufficient acts of fraud.

3. The petition set out a cause of action, and was not subject to general demurrer.

4. The petition was not subject to demurrer upon the ground that the facts alleged did not show an implied contract.

5. The petition was not .demurrable upon the ground that it showed that no implied promise to pay arose until January 1, 1920.

6. A paragraph of the petition which substantially alleges that the defendant admitted a material fact contrary to its interest is not subject to demurrer.

7. It was not error to strike the plea in abatement alleging that the suit was prematurely brought.

8. The judge's charge was full and fair, and was not subject to any of the criticisms of it made in the motion for a new trial.

DECIDED MARCH 9, 1921.

Action for money had and received; from city court of Sandersville — Judge Jordan.   October 2, 1920.

Application for certiorari was denied by the Supreme Court.

The contentions of the parties were stated in the charge of the court as follows: "J. A. Brown has brought an action against the Zapf Realty Company; he sues for money, having a receipt.   The plaintiff alleges in 1919, in August, he deposited with the Zapf Realty Company the sum of $514, to be applied to the purchase price of a certain tract of land, provided the title to the land was merchantable, or provided the owner of the land could make good title, and that if the title was not merchantable or made merchantable within a reasonable time, then the money was to be refunded by the Zapf Realty Company to him.   The plaintiff in this case contends, under the terms of the contract, he had until the 5th day of September, 1919, to look into the title and ascertain the condition of the title; he alleges he found various incumbrances outstanding over the land; he alleges that the Zapf Realty Company and the owner of the land did not within a reasonable time remove these incumbrances, so as to make the title to the land merchantable; he demands that his money be refunded and the

defendant declines to return the money, and he now brings his suit for $514. The plaintiff further alleges that this contract was procured from him by fraud; that the defendant's agent represented to him at the time the contract was signed that there was no lien or incumbrance of any character over the land; he alleges if he had known the land was incumbered he would not have entered into the contract, and after ascertaining it was incumbered he demanded his money and thereby [sought] to rescind the contract. The Zapf Realty Company admits receiving the money, but contends that within a reasonable time, as provided by the contract, the title to the land the plaintiff agreed to buy was made merchantable and put in good shape, and that by the time the plaintiff was required to make his next payment upon the land the title was then in good condition and in merchantable shape. The defendant alleges that the plaintiff really breached the contract. In the motion for a new trial the foregoing statement of the defendant's contentions was complained of as follows: " This instruction excludes from the jury the contention of the defendant that before the second payment was due, plaintiff offered to pay the entire amount of purchase-price and take a conveyance of title to land bargained for in the contract. This instruction is further error because, if the facts stated by the court as contentions of defendant constituted a good defense in law, the defendant was entitled to a verdict for the reason that the contentions of defendant as stated by the court were undisputed."

The court charged: "You are to ascertain from your knowledge of human nature and the circumstances of this case what was a reasonable time for the Zapf Realty Company to make the title to the land merchantable." The court then gave the following instruction which is complained of: " If you believe from the evidence in this case that within a reasonable time after September 5th the Zapf Realty Company, or the owner of this land, put the title in merchantable shape, that that was done within a reasonable time, I charge you in this case that the plaintiff could not recover; that the amount so paid by him, $514, would go to the purchase-price of the land; that he could not recover. I charge you, however, that if you believe from the evidence in this case that this title was not put into merchantable shape within a reasonable time after September 5th, and after an examination disclosed the in-

cumbrances or liens over the land, if you find it was not put in merchantable shape within a reasonable time, then in this case the plaintiff would have the right to recover, and the obligation would be upon the defendant, the Zapf Realty Company, to refund the deposit of $514 so received." It is alleged: " This instruction is error for the reason that, under the terms of the contract, possession of the land, as well as the second payment, was not due until January 1, 1920, and the contract by its terms says the first payment is to bind the trade until January 1, 1920, to cause title to be made merchantable. This instruction is error for the further reason that immediately upon disclosure of lien on land, plaintiff, under his own testimony, repudiated the contract, refused to await any time, reasonable or otherwise, and brought suit for money had and received. The court should have submitted to the jury the question of repudiation of the contract by the plaintiff."

After charging as above, the court gave the following instruction which is complained of: "If you believe in this case the seller of this land, or the agent of the Zapf Realty Company, made representations that there were no incumbrances upon this land nor liens outstanding against it, and if you furthermore believe that the plaintiff, Brown, entered in on that representation in purchasing the land, and you believe the representations were untrue, then I charge you the plaintiff in the case would have the right to rescind his contract and recover for $514, that is, if you believe the contract was entered into by fraudulent representations as to the condition of the title." It is alleged: "This instruction is error for the reason that there is no evidence of any fraudulent representations. This instruction is error for the further reason that there is an absolute harmony in the evidence of the plaintiff and the defendant that the lien objected to by the plaintiff was mentioned and specifically pointed out to plaintiff by defendant at the time of execution of the contract; and movant contends that said charge led the jury into believing that fraud had been used by the defendant, when there was no evidence upon which such a charge could be founded."

The charge proceeded as follows: "The defendant contends, of course, that the contract was not founded upon fraud; that no misrepresentations were made as to the nature and character of the title prior to the time the contract was signed. Now,

as to the language of the contract, the material parts of it, it is as follows: 'I have to-day deposited with the Zapf Realty Company $514 as part of the main purchase money to bind this trade until January 1, 1920, having until September 5, 1919, as time being allowed for examination of title by my attorney. If said title is merchantable I agree to make settlement as above stated, but if said title is not merchantable, and cannot be made merchantable within a reasonable time, cash payment is to be refunded to me and contract canceled.' Time is the essence of this contract. I charge you it was the duty of the plaintiff under this contract to look into and examine this title by September 5, 1919; that was the time under the contract to look into it; and then it was his duty to disclose to the Zapf Realty Company any defects, obligations, or incumbrances to the title, and it was incumbent upon the Zapf Realty Company, or the owners of the land, to cause these incumbrances to be removed within a reasonable time after September 5, 1919. As I have said to you, you are the judges of what is a reasonable time under the circumstances of this case. You may consider the nature or character of the trade; you may consider all the evidence in this case and all the circumstances and all the conditions in order to ascertain what was a reasonable time. If the defendant did not within a reasonable time remove all incumbrances, then the plaintiff ought to recover in this case. On the other hand, if you believe within a reasonable time (of which you are to be the judges) these incumbrances were removed and this title was made merchantable, then you should find for the defendant." The charge concluded with instructions as to the form of the verdict.

*Evans & Evans, W. M. Goodwin,* for plaintiff in error.

*Roy V. Harris, J. C. Newsome,* contra.

LUKE, J. The plaintiff's petition substantially alleged, that the defendant was in possession of $514 belonging to plaintiff, which the defendant was in equity and good conscience bound to repay him on an implied promise so to do; that on March 1, 1919, the plaintiff, through the defendant, entered into a contract with one Cobb, whereby he agreed to purchase from Cobb described lands; that the plaintiff then and there deposited with the defendant $514 to bind a sale until January 1, 1920; that the said contract provided that the plaintiff should have a certain time to examine

the title to the land, and that if the title was not merchantable, and could not be so made within a reasonable time, the said cash payment was to be returned to the plaintiff and the trade rescinded; that at the time of filing the petition the title was not merchantable, because Cobb had no title to the land, and it was incumbered with a security deed, securing a debt of $4,000; that a reasonable time had elapsed for the title to be made merchantable, and that it had not been so made; and that the defendant refused to repay $514 in its possession. The suit was filed October 7, 1919.

A contract dated August 1, 1919, signed by the plaintiff and accepted in writing by Cobb, a copy of which was attached to the petition, provided that the plaintiff should pay a fixed sum for the land, $514 of which was to be paid in cash, an additional amount on January 1, 1920, and the balance in equal annual installments an January 1 of each year, with the privilege of paying the full balance of the purchase-price on the date fixed for the payment of any installment. The contract further stated that the plaintiff had deposited with the defendant " for good will $514.00 as a part of the purchase-money to bind this trade until January 1, 1920, until September 5, 1919, time being allowed for the examination of the title by my attorney; " and " if said title is merchantable, I agree to make settlement as above stated, but if said title is not merchantable, and cannot be made merchantable within a reasonable length of time, the said cash payment is to be returned to me and the trade canceled. Time is the essence of this contract. "

The plaintiff was allowed to amend his petition by alleging that the contract was void and not binding, because his signature to it was procured by fraud, in that the defendant represented to him that there were no incumbrances upon the land, whereas at the time of the contract it was incumbered by a certain security deed given by the then holders of the title to the Life Insurance Company of Virginia, and that, upon discovery of this fact, he offered to rescind his contract and demanded the return of his money. The defendant denied the material allegations of the petition, and also pleaded that it had until January 1, 1920, or a reasonable time thereafter, to make the title merchantable, and that it was ready and able to do so.

An action for money had and received lies in all cases where

another has received money which the plaintiff, ex æquo et **bono,** is entitled to recover and which the defendant is not entitled in good conscience to retain. *Whitehead* v. *Peck,* 1 *Ga.* 140 (3); *Knight* v. *Roberts,* 17 *Ga. App.* 527 (87 S. E. 809). Under this broad rule, the petition clearly sets out a cause of action. The amendment setting up that the defendant represented the land to be free from incumbrances alleged a fact tending to show that the plaintiff was entitled to recover money which the defendant should not in good conscience keep. This amendment merely amplified the cause of action as laid, and it was not error to allow it. The contract attached to the petition is not aptly expressed, but, reasonably construed, it in effect states that the money sued for was deposited with the defendant to bind the trade until January 1, 1920; that the plaintiff had from August 1, 1919, the date of the contract, until September 5, 1919, to investigate the title to ascertain if it was merchantable; and that if it could not be so made within a reasonable time, the cash payment was to be returned to the plaintiff, time being of the essence of the contract.

While it appears from the evidence that the plaintiff, before suit, did state that he demanded his money back and withdrew from the trade, and while the evidence further shows that he stated during the month of September that he was ready to make a settlement in full, he further said that he would not do so, because " of outstanding obligations. " The plaintiff had from August 1, 1919, until September 5, 1919, to examine the title. On September 3, 1919, he notified the defendant of his objections to the title, and on October 7, 1919, he brought his action. The security deed outstanding and dated March 1, 1917, was not canceled of record until December 8, 1919. On December 9, 1919, certain parties conveyed the land by warranty deed to one Parnell, and on December 15 Parnell conveyed the land to Cobb. On or about December 15, 1919, the defendant presented to the plaintiff a deed from Cobb, with draft attached.

It therefore clearly appears that Cobb was not in a situation to make a merchantable title to the plaintiff prior to December 15, 1919. The jury by their verdict sustained the plaintiff's contention that the title was not merchantable and not so made with-

in a reasonable time, and, under the evidence, this court cannot say that the jury's view of the matter was not correct.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., dissents.*