*C. N. Davie,* for defendant.

---

### 14192. SMALLING'S SONS *v.* DUNLAP.

Under the broad rule that " an action for money had and received lies in all cases where another has received money which the plaintiff, ex æquo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain " (*Knight* v. *Roberts,* 17 *Ga. App.* 527, 87 S. E. 809), the petition in this case set out a cause of action, and the court erred in sustaining a general demurrer thereto.

DECIDED APRIL 11, 1923.

Action for money had and received; from Bibb superior court — Judge Malcolm D. Jones. December 14, 1922.

*Jones, Park & Johnston,* for plaintiffs.

*Miller & Garrett,* for defendant.

BLOODWORTH, J. This was a suit to recover $615.35 alleged to have been paid to the defendant for the benefit of the plaintiff. We are indebted to counsel for defendant in error for the following summary of the allegations of the petition: " Smalling was a contractor engaged in the construction of the Adams building. Smalling, by contract, engaged one Ricks to lay the roof. Under the terms of said contract Ricks was to cover the building with a standard asphalt roofing material manufactured by the Barber Asphalt Paving Company. The defendant, Dunlap, was the local agent and distributor of the Barber Asphalt Paving Company for roofing material. Ricks tried to buy the material specified in his contract with Smalling from Dunlap on credit. Dunlap refused to extend credit to Ricks, whereupon Ricks obtained the necessary money from Smalling and paid cash for the roofing material. This fact was known to Dunlap. Ricks completed the roofing job according to his contract with Smalling, and was paid by Smalling. Shortly after Ricks completed the roofing work it developed that the material used was defective, whereupon Smalling, in order to satisfy the owner of the building, and without calling upon either Ricks or Dunlap to make good the defective material, and without notice to either Ricks or Dunlap, repaired the roof him-

self, putting it in first-class condition, at an expense of $615.35. After Smalling had repaired the roof at his own expense, he and Ricks approached Dunlap with a claim that Smalling should be reimbursed for his expense occasioned by the defective material, and Dunlap, knowing that Ricks was a subcontractor doing the roof work under Smalling, and knowing of the defective material therein, and its subsequent repair by Smalling at his own expense, agreed to co-operate with Smalling and with Ricks to secure from the Asphalt Company reimbursement to Smalling. In pursuance of this agreement Dunlap took the matter up with the Asphalt Company, and as a result of negotiations the company sent one Babb to inspect the roof. After the inspection Babb agreed that Smalling should be reimbursed, and agreed to recommend to the company payment of said sum to Smalling, this fact being known to Dunlap. Subsequently Ricks represented to Dunlap in writing that Smalling had defrayed the expense of fixing the roof, and requested Dunlap to let Smalling have a check covering this expense. As a result of said written request and of previous negotiations between Smalling, Dunlap, Ricks, and Babb, Smalling and Ricks understood and believed, and were led by Dunlap and Babb to understand and believe, that if the Company allowed Smalling's claim, the allowance would be made for Smalling's benefit and not for the benefit of Ricks. Thereafter the company, intending that Smalling should be benefited thereby, notified Dunlap as its distributor that Smalling's claim had been allowed, and a debit memorandum received by the company from Dunlap had been approved. The company paid the claim by crediting Dunlap's account with it in the sum of $615.35. Dunlap, instead of paying this sum of money to Smalling, credited the amount to an old account against Ricks, in violation of the written instructions of Ricks."

A general demurrer to the petition was sustained, and the plaintiff excepted.

The petition alleges that the defendant is indebted to plaintiff "for money had and received" for the use and benefit of petitioner. In *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37 (2) (60 S. E. 818), this court held: "An action for money had and received lies, in case the defendant has taken to his use money which ex æquo et bono belongs to the plaintiff. It needs for its

support no actual contractual relation, for the law will imply a quasi-contractual relation to uphold it, whenever the circumstances so require." In that case Judge Powell, speaking for the court, said (p. 40) : "The plaintiff's suit is in essence an action for money had and received; an action, be it said, which, when properly supported, is in no disfavor with courts either of law or of equity. At common law it was given great scope of usefulness, and especially was much encouraged by Lord Mansfield, who recognized the equitable nature of the remedy, and extended it to all cases where a refusal of the remedy would result in an unjust enrichment of the defendant. In Moses *v.* Macferlan, 2 Burrows, 1008, he says: ' If the defendant be under an obligation, from the ties of natural justice, to refund, the law implies a debt, and gives the action, founded in the equity of the plaintiff's case, as it were upon a contract (quasi ex contractu) as the Roman law expresses it. . . This kind of equitable action to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much encouraged. It lies only for money which, ex æquo et bono, the defendant ought to refund. . . In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money.' And in such an action ' it is immaterial how the money may have come into the defendant's hands and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner.' 27 Cyc. 864 (K)." In *Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212 (2) (33 S. E. 175), the Supreme Court said: "In such an action it was not essential that any privity of contract between the plaintiff and defendant should have been shown. If the plaintiff's right to the money received by the defendant was established, and the defendant was shown to have received it under such circumstances that it ought not to have retained it, the law implied a promise to pay it to the party who ought to have had it." See also cases cited on page 217 (2); *Knight* v. *Roberts,* 17 *Ga. App.* 527 (87 S. E. 809); *Zapf Realty Co.* v. *Brown,* 26 *Ga. App.* 443 (106 S. E. 748).

To whom should the money collected by Dunlap be paid, to Ricks or to Smalling's Sons? Certainly, in equity and good con-

science, it should go to the latter. According to the allegations of the petition the plaintiff "repaired said roof and put same in first-class condition at an actual expense of $615.35," and "defendant was fully aware of the fact that . . petitioner repaired said roof at his own expense, and that said repairing was done without expense or loss to the said Rasdal Ricks." The petition shows also that the defendant, in order that the plaintiff might be reimbursed, took the matter up with the Barber Asphalt Company, and that on or about October 29, 1921, said company, "expecting and intending '. . petitioner to be benefitted thereby, notified defendant as its agent that . . petitioner's claim for $615.35 had been allowed." In addition it is shown by the petition that "On September 7, 1921, the said Rasdal Ricks represented to the defendant, in writing, that . . petitioner had defrayed the expense of fixing said roof, and requested defendant to let . . petitioner have check covering said expenses. As a result of said communications in writing, and as a result of previous negotiations between petitioner, defendant, the said Rasdal Ricks, and the said C. S. Babb, . . petitioner and the said Rasdal Ricks understood and believed, and were led by defendant and the said C. S. Babb to understand and believe, that if the Barber Asphalt Paving Company allowed . . petitioner's claim, that said allowance would be made for . . petitioner's benefit and not for the benefit of the said Rasdal Ricks, nor of defendant, nor of any one else."

Under the broad rule announced in the cases referred to above, the petition sets out a cause of action, and the judgment must be

*Reversed. Broyles, C. J., concurs. Luke, J., dissents.*