### 14537.  HAUPT *v.* HOROVITZ.

JENKINS, P. J.  1.  "An action for money had and received lies in all cases where another has received money which the plaintiff, ex æquo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain." *Zapf Realty Co. v. Brown,* 26 *Ga. App.* 443 (106 S. E. 748); *Whitehead v. Peck,* 1 *Ga.* 140 (3); *Knight v. Roberts,* 17 *Ga. App.* 527 (87 S. E. 809).  In such an action "the law implies a promise on the part of any person who has received the money of another to pay that person on demand.  The reception of money by one and the demand by the other makes all the privity that is necessary to maintain this action." *Central R. v. First Nat. Bank,* 73 *Ga.* 383 (2 a), 385; *Bates-Farley Savings Bank v. Dismukes,* 107 *Ga.* 212 (2), 218 (33 S. E. 175).  "It is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner." *Citizens Bank v. Rudisill,* 4 *Ga. App.* 37 (2), 41 (60 S. E. 818, 820); 27 Cyc. 864, 857; 2 Rul. Case Law, 778.

2. In the instant suit for money had and received, the plaintiff alleges that the money was delivered to the defendant real-estate broker's agent, who in turn paid it over to the defendant, in a transaction for the sale of property, which the defendant claimed he was authorized to sell, but which in fact he was not authorized to sell, and which he was unable to deliver.  The action cannot, however, be maintained upon the theory that the person to whom the plaintiff directly paid the money was the defendant's agent, since the writings attached to the petition as exhibits show that the allegations of the petition as to such agency were not true, and that the defendant merely bound himself, as authorized broker of the owner, to sell the property to the one to whom the money was paid by the plaintiff in his attempted purchase from the latter.  See *Kenney v. Walden,* 28 *Ga. App.* 810 (113 S. E. 61).  But since the allegations of the petition further show that the plaintiff, in thus paying the money, "dealt with" the defendant as well as with the person to whom the money was paid, that in furtherance of this plan of purchase the defendant actually received the money of the plaintiff, knowing that he was not entitled to receive and hold it, for the reason that he as a

real-estate broker had no right to sell the property in question, and that on demand he refused to deliver the amount to the plaintiff, the action for the money had and received was maintainable on the theory of the defendant's implied promise to pay the same, without any further privity of contract being shown.

3. It was not necessary to allege that the plaintiff had made a tender of the full purchase price, to obtain a deed to the property in question, as a condition precedent to his right of action, since the petition charges that the defendant was unauthorized to make such a deed, and a tender would have been altogether fruitless.

4. The general demurrer to the petition was properly overruled. Such of the grounds of special demurrer insisted upon as were not sustained by the trial court are met by the foregoing rulings.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 23, 1923.

Complaint; from city court of Savannah—Judge Freeman. March 31, 1923.

*H. P. Cobb,* for plaintiff in error.

*Aaron Kravitch,* contra.