26692, 26693.   JASPER SCHOOL DISTRICT *v.* GORMLEY,
superintendent of banks; and *vice versa.*

DECIDED MARCH 17, 1938.

538

*Roscoe Pickett, A. J. Henderson, Herman J. Spence,* for plaintiff in error.

*Dave M. Parker, E. M. McCanless,* contra.

SUTTON, J. 1. In order for any board of trustees of any local school district to borrow money for purposes authorized by law, "there shall be passed by said board of trustees a resolution authorizing said money to be borrowed, in which resolution shall be stated the amount of money to be borrowed, the length of time the same is to be used, the rate of interest to be paid, and for what purpose borrowed, and from whom the same is to be borrowed; which resolution shall be by the secretary of said board of trus-

tees recorded in the minute book of said board of trustees, and a copy of said resolution forwarded to the county superintendent of schools." Code, § 32-1133. It nowhere appears in the first count of the petition in the present case that the board of trustees passed any resolution as to borrowing from the plaintiff the money represented by the notes sued on. In the absence of such a resolution as is required by law, the notes were invalid, and no cause of action was set forth in the first count of the petition.

2. The Supreme Court, in remanding the present case to this court, held (*Jasper School District* v. *Gormley*, 184 *Ga.* 756, 193 S. E. 248), that it was not an equity case, but was one at law for money had and received. Among other things the court said: "Under the ruling in *Butts County* v. *Jackson Banking Co.* [129 *Ga.* 801 (3), 60 S. E. 149, 15 L. R. A. (N. S.) 567], that 'An action for money had and received may be maintained by one who has loaned money to a county, and which has been used by it to discharge a legally incurred liability for a current expense, although the governing official or officials of a county have no authority to borrow the money or to give a note therefor,' it is not necessary that the right to subrogation be established before a recovery can be had in an action for money had and received." See also *Baggerly* v. *Bainbridge State Bank*, 160 *Ga.* 556, 561 (128 S. E. 766); *Kite Consolidated School District* v. *Clark*, 175 *Ga.* 792, 793, 794 (166 S. E. 199). Such an action must be brought within four years from the time the right of action accrued. Code, § 3-706. "No demand shall be necessary to the commencement of an action, except in such cases as the law or the contract prescribes." Code, § 3-106. In *Bank of Oglethorpe* v. *Brooks*, 33 *Ga. App.* 84 (6) (125 S. E. 600), which involved an action for money had and received, the court held: "It is not necessary in this sort of action to allege a demand for and refusal of payment," and in *Farmers & Merchants Bank* v. *Bennett*, 120 *Ga.* 1012, 1015 (48 S. E. 398), which also involved an action in assumpsit, it was said: "We gather, from recitals made in the bill of exceptions, that the trial judge sustained the defendant's demurrer on the ground that the plaintiff did not allege any demand for payment before bringing suit, the allegation as to the defendant's refusal to pay the amount sought to be recovered not being the equivalent of an allegation of a proper demand having been made on the de-

fendant. The Civil Code, § 4935, declares that 'No demand is necessary to the commencement of an action, except in such cases as the law or the contract prescribes.' We have been unable to find any provision of law making a demand for payment a condition precedent to bringing such a suit as the present, which originated in tort and is proceeding upon the legal fiction of an implied promise on the part of the wrong-doer to pay to the plaintiff the value of the property illegally converted." "When a sheriff has received money on a fi. fa. the statute of limitations begins to run in his favor from the time it was received." *Thompson* v. *Central Bank of Georgia,* 9 *Ga.* 413. For other cases showing no demand to be necessary to the commencement of an action see *Shepherd* v. *Crawford,* 71 *Ga.* 458; *Albany Railway Co.* v. *Merchants Bank,* 137 *Ga.* 391 (73 S. E. 637). In *Mobley* v. *Murray County,* 178 *Ga.* 388, 398 (173 S. E. 680), it was said that the statute of limitations begins to run in favor of an attorney from the time he collects or receives money for his client, although the client may not know it, but finds it out afterwards. In *Haupt* v. *Horovitz,* 31 *Ga. App.* 203 (120 S. E. 425), involving an action for money had and received, the court said: "In such an action 'the law implies a promise on the part of any person who has received the money of another to pay that person on demand.'" The question of limitations was not involved in the case, and no question was raised as to whether or not a demand was necessary before the action could be brought. It so happened that a demand had been made, but the language used by the court, while properly stating a liability on the part of one illegally holding money belonging to another, can not be construed to mean that demand was necessary; and in *Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212 (2) (33 S. E. 175), cited in the *Haupt* case, supra, the holding was, not that the law implied a promise to pay to the rightful owner *only on demand,* but "to the party who ought to have had it." See also *Knight* v. *Roberts,* 17 *Ga. App.* 527 (87 S. E. 809), and *Smalling* v. *Dunlap,* 30 *Ga. App.* 162 (117 S. E. 96), where it is not shown that any demand was made. Furthermore, it was alleged in the present case that the defendant received sufficient revenue, during the years the sums were advanced, to discharge the obligations. In such a case, as was held in *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (2) (99 S. E. 30),

the statute would begin to run from t. ie time funds were on hand to discharge the obligations.

3. While the sum represented by the note for $1500 was not borrowed until January 1, 1934, it is nowhere shown that the money was used by the school district for lawful purposes, and the allegations in respect to this amount were not good against the special demurrer. The note for $3234.46 was a renewal of other notes covering loans made from November 28, 1931, to March 25, 1932, inclusive. The note for $365 was given on August 28, 1934, to cover an amount paid to Chase National Bank of New York for interest due on bonds of the defendant. These notes, therefore, represented obligations incurred within the statute of limitations, and it was alleged that the defendant received sufficient revenue during the years the sums were advanced to discharge the obligations. Under the principles of law above set forth the plaintiff was entitled to maintain an action for recovery of the amounts received by the defendant and used in the discharge of legally incurred liabilities, although the governing officials of the school district had no authority to borrow the money or to give notes therefor.

4. The allegations of the petition as to the alleged fraud of the defendant in not informing the plaintiff of an intention not to pay the obligations and continuing to renew the notes until May, 1935, when demand for payment was made and payment refused, do not set forth any facts showing such fraud as would relieve the bar of the statute of limitations. *Ponder* v. *Barrett,* 46 *Ga. App.* 757 (169 S. E. 257). The defendant being without authority to execute the notes in the first instance, without a resolution conforming to the requirements of the law, the renewals were necessarily without binding force, and there was no obligation on the part of the defendant to make known any intention not to pay the same. Under the facts of this case the statute of limitations began to run from the time the money was received by the defendant from the plaintiff.

5. (a) The court properly sustained the general demurrer to count 1 of the petition, on the ground that no cause of action was set forth. (b) The court did not err in sustaining the defendant's demurrer to the allegations of count 2, as to the right of the plaintiff to recover the items of $635.02 and $2357.52, repre-

sented by notes of the defendant, on the ground that recovery of such amounts was barred by the statute of limitations. (*c*) Nor did the court err in sustaining the demurrer to the allegations of count 2, as to the right of the plaintiff to recover an item of $1500 represented by a note of the defendant, on the ground that it was not shown that the money received by the defendant was used in discharging legally incurred obligations. (*d*) The court did not err in overruling the demurrer to the allegations of count 2, as to the right of the plaintiff to recover the items of $3234.46 and $365 representing money had and received and used in discharging legally incurred obligations.

*Judgment affirmed on each bill of exceptions. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I am of the opinion that the statute of limitations did not begin to run until a demand was made for payment of the money due by reason of the fact that it was owed to the bank, because the trustees were not in equity and good conscience entitled to retain it. *Haupt* v. *Horovitz*, 31 *Ga. App.* 203 (120 S. E. 425) ; *Poole* v. *Trimble*, 102 *Ga.* 773 (29 S. E. 871) ; *Patterson* v. *Blanchard*, 98 *Ga.* 518 (25 S. E. 572) ; *Central Railroad* v. *First National Bank of Lynchburg*, 73 *Ga.* 383.. The cases of *Bank of Oglethorpe* v. *Brooks, Farmers Bank* v. *Bennett, Knight* v. *Roberts,* and *Smalling* v. *Dunlap,* cited in the majority opinion, are not in point, because these actions originated in tort by reason of conversions, and the suits were brought for breach of implied contract upon waiver of the tort. In the instant case there was no conversion unless the loan was originally made with the intention to make an illegal loan and misapply the money. The case of *Thompson* v. *Central Bank of Georgia* was decided upon an obviously different principle of law, as was *Shepherd* v. *Crawford* and *Mobley* v. *Murray County.* The holding in *Justices* v. *Orr,* 12 *Ga.* 137, cited in *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (supra), that the statute of limitations would not begin to run until there was money on hand to pay the certificate, applied to a written obligation authorized by law.