30854.  COUNTY OF DEKALB *v.* CLOUD.

DECIDED APRIL 21, 1945.  REHEARING DENIED MAY 10, 1945.

*Julius A. McCurdy Jr., James A. Branch,* and *Thomas B. Branch Jr.,* for plaintiff in error.

*J. B. McCurdy,* contra.

FELTON, J. 1. Under the facts of this case there was no voluntary payment or waiver of the funds. The officer's mere failure to insist on receiving the funds because he would lose his job if he demanded such funds does not amount to a gift or a voluntary payment. There was not a voluntary payment because there was no action based on a legal obligation by Cloud to the county to

the funds which was present in the minds of both parties at the time. There was no evidence of an intention to waive. The case of *Dunn* v. *Meyer,* 193 *Ga.* 91 (17 S. E. 2d, 275), is distinguishable, in that in that case there was no immediate threat of the loss of a job unless a lesser amount was agreed on. In that case it was merely shown that it was *within the power of higher authorities to discharge Dunn.* It is further distinguishable, in that in this case Cloud did not accept his salary under an express or implied agreement that it would be in full payment of moneys due him under a contract with the county or owed to him under the law by the county. Estoppel would not apply because there is no evidence that the county was misled to its injury.

2. The court erred in directing a verdict for the plaintiff for the full amount sued for. The plaintiff's cause of action to recover each item arose when the county received it and treated it as its own. *Jasper School District* v. *Gormley,* 57 *Ga. App.* 537 (196 S. E. 232), and cases cited, and under the pleadings in this case recovery of those items received by the county more than four years prior to the filing of the action is barred. The action here is not for money owed *by the county* to the officer under a statute. The basis of the action is the fact that the county came into possession of the moneys, which under the law were the property of Cloud at the time the county received them, where, under the circumstances, it could not in equity and good conscience retain them. The action is not based on a claim of an indebtedness by the county to Cloud under a statute and therefore the limitation statute of twenty years does not apply. The court erred in directing a verdict for the full amount sued for and in overruling the motion for a new trial.

Direction is given that if the plaintiff will write off from the verdict the amounts not recoverable within ten days from the time the remittitur is returned to the trial court the judgment denying a new trial is affirmed; otherwise it is reversed.

*Judgment affirmed, with direction. Sutton, P. J., and Parker, J., concur.*