37091. FAIN *v.* NEAL.

■

DECIDED APRIL 17, 1958.

R. Howard Gordon, for plaintiff in error.

Linton S. Johnson, Clete D. Johnson, contra.

QUILLIAN, Judge. In *Haupt v. Horovitz*, 31 *Ga. App.* 203 (1) (120 S. E. 425) it is well stated: " 'An action for money had and received lies in all cases where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain.' *Zapf Realty Co. v. Brown*, 26 *Ga. App.* 443 (106 S. E. 748); *Whitehead v. Peck*, 1 *Ga.* 140 (3); *Knight v. Roberts*, 17 *Ga. App.* 527 (87 S. E. 809). In such an action 'the law implies a promise on the part of any person who has received the money of another to pay that person on demand. The reception of money by one and the demand by the other makes all the privity that is necessary to maintain this action.' *Central R. v. First Nat. Bank*, 73 *Ga.* 383 (2a), 385; *Bates-Farley Savings Bank v. Dismukes*, 107 *Ga.*

212 (2), 218 (33 S. E. 175). 'It is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner.' *Citizens Bank* v. *Rudisill,* 4 *Ga. App.* 37 (2), 41 (60 S. E. 818, 820) ; 27 Cyc. 864, 857; 2 Rul. Case Law, 778."

Applying the above rule to the present case the petition set forth a cause of action for money had and received. The petition, while somewhat vague as to the contract between the plaintiff and The Texas Company, stated in substance: that in consideration of staying open 24 hours per day the plaintiff was entitled to receive a 1.4 cent per gallon refund on all gasoline which he sold in excess of 10,000 gallons per month; that he earned the amount sued for by performing the above acts. The definition of "earned" is commonly known as the price of services performed. 28 C.J.S. 610. The petition having alleged that the plaintiff earned and was entitled to the sum sued for and that the defendant was in possession of this money, which he in good conscience is not entitled to retain, it set forth a cause of action, and the trial judge erred in sustaining the oral motion to dismiss.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*