39454. EMPIRE OIL COMPANY v. LYNCH.

CARLISLE, Presiding Judge. 1. " 'An action for money had and received lies in all cases where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain.' *Zapf Realty Co. v. Brown*, 26 Ga. App. 443 (106 SE 748); *Whitehead v. Peck*, 1 Ga. 140 (3); *Knight v. Roberts*, 17 Ga. App. 527 (87 SE 809). In such an action 'the law implies a promise on the part of any person who has received the money of another to pay that person on demand. The reception of money by one and the demand by the other makes all the privity that is necessary to maintain this action.' *Central R. v. First Nat. Bank*, 73 Ga. 383 (2a), 385; *Bates-Farley Savings Bank v. Dismukes*, 107 Ga. 212 (2), 218 (33 SE 175). 'It is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability,

if, in equity and good conscience, he is not entitled to hold it against the true owner.' *Citizens Bank v. Rudisill,* 4 Ga. App. 37 (2), 41 (60 SE 818, 820); 27 Cyc. 864, 857 [sic]; 2 Rul. Case Law, 778." *Haupt v. Horovitz,* 31 Ga. App. 203 (1) (120 SE 425). The petition in the instant case, as finally amended, when properly construed is plainly and simply an action for money had and received. Reduced to its simplest terms, it alleges that the defendant sold the plaintiff Diesel fuel at a price per gallon which, according to the understanding of the parties, included Federal excise tax in the amount of three cents per gallon, and that the plaintiff paid the price agreed upon with the understanding that the defendant was to pay the Federal excise tax due on behalf of the plaintiff; that the defendant failed to pay the sums thus due and the plaintiff was required to pay those sums in addition to the amounts already paid to the defendant. The petition was not subject to general demurrer.

2. In the order preceding the one finally overruling the defendant's demurrers, the trial judge sustained defendant's general demurrer with leave to the plaintiff to amend "adding a count setting out a cause of action for money had and received upon the same set of facts already set out in the petition." In the last amendment the plaintiff, instead of adding a count as directed by the court, merely struck the allegations after paragraph 6 of the original petition as amended and recast the petition in one count as set out in the statement of facts. The trial court did not thereafter abuse its discretion in holding that this was a sufficient compliance with the terms of the prior order. *Central of Ga. R. Co. v. Sharpe,* 83 Ga. App. 12, 15 (1) (62 SE2d 427).

3. The action being one for money had and received, an express binding contract on the part of the defendant was not essential, and allegations in the petition with respect to assurances given the plaintiff by agents of the defendant that the money paid by the plaintiff had been applied in accordance with his understanding were merely matters alleged by way of inducement, and it was not essential that the authority of the defendant's agents to bind the defendant on an express contract be shown. *Griffin v. Lawton & Willingham,* 54 Ga. 104 (1); *American Thread Co. v. Rochester,* 82 Ga. App. 873, 881 (1) (62 SE2d 602); *Roswell Apartments v. D. L. Stokes & Co.,* 105 Ga. App. 163, 166 (3) (123 SE2d 682).

44

4. The trial court did not err in overruling the defendant's demurrers to the plaintiff's petition as finally amended.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED MAY 3, 1962—REHEARING DENIED MAY 16, 1962.

*Myrick & Myrick, Shelby Myrick*, for plaintiff in error.
*Findley, Shea, Friedman, Gannam, Head & Buchsbaum, Erwin A. Friedman, Bart E. Shea*, contra.