A91A1792. DEPARTMENT OF MEDICAL ASSISTANCE v.
HALLMAN et al.
(417 SE2d 218)

ANDREWS, Judge.

The Department of Medical Assistance (department) appeals the grant of summary judgment on its claim for money had and received made against a recipient of medical care under the Medicaid program.

Wallace Speed was rendered a quadriplegic, his wife injured, and their unborn child killed in an August 1986 automobile accident. As a result, a lawsuit was filed against the tortfeasors in federal court, resulting in a settlement and dismissal of the suit on January 8, 1988.

Speed had been treated and his care paid for under the provisions of OCGA § 49-4-140 et seq., the Georgia Medicaid provisions. It is not disputed that Speed was qualified for and entitled to have these payments made under these provisions to the providers of his medical care.

On April 28, 1987, a lien for $103,561.37 was filed under the provisions of OCGA § 49-4-149, making initial claim against the tortfeasors for recovery of the medical assistance paid. Such a lien claim is not available to the department against the recipient of the care. *Hospital Auth. of Augusta v. Boyd,* 96 Ga. App. 705, 708 (1) (101 SE2d 207) (1957).

For reasons not explained in the record before us, no action was taken by the department to pursue recovery from the tortfeasors under the lien provisions.

Upon settlement of the litigation, two checks totaling the amount of the lien were issued, made payable to Wallace Speed, the department, Sutton, and Hallman. Sutton was the attorney for Mrs. Speed and co-trustee with Calvin Speed of a trust set up to care for Wallace Speed. Hallman was Speed's attorney in the tort suit. Both Hallman

and Sutton had filed attorneys' liens in the tort suit.

Hallman and Wallace Speed, holders of the two checks, filed the present declaratory judgment action in August 1990 against Sutton, Calvin Speed, and the department, setting out the competing claims to this money and contending that the department had waived any lien rights to the money by failing to initiate legal action on the lien as required by OCGA § 44-14-473 (a), which states that "[t]he action [to enforce the lien] shall be commenced against the person liable for the damages within one year after the date the liability is finally determined by a settlement, . . ."

On September 25, 1990, the department filed its counterclaim against Speed and Hallman, setting forth its claim for money had and received, subject to a four-year statute of limitation. Summary judgment was granted to plaintiffs.

1. "An action for money had and received (formerly known at various times as indebitatus assumpsit, implied assumpsit, and assumpsit), although legal in form, arose from the common-law courts, is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity. [Cits.]" *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 402 (349 SE2d 368) (1986). Such an action lies " 'where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain.' [Cits.]" *Empire Oil Co. v. Lynch*, 106 Ga. App. 42 (1) (126 SE2d 478) (1962).

Under this cause of action, the fact that the money was received from a third person will not affect the liability of the defendant, " 'if, in equity and good conscience, he is not entitled to hold it against the *true owner.*' " (Emphasis supplied.) Id. at 43.

This is not a situation where money has been paid by mistake or, as in *Empire*, where the true owner paid the money for a purpose for which it was not used by the recipient, but was instead misappropriated by the recipient. Here, Speed was legally entitled, by virtue of his financial status, to have the medical providers paid by Medicaid funds at the time the payments were made by the department to the providers. There was no mistake and all parties were fully aware of all the facts involved in the situation. Likewise, he was entitled to be compensated by the tortfeasor, regardless of the fact that his medical expenses had been paid from another source.

*Department of Public Health v. Perry*, 123 Ga. App. 816 (182 SE2d 493) (1971), unlike the present situation, is a factual setting in which the theory of money had and received was appropriately used. There, a nursing home certified to participate in the Medicaid program lost its certification, but was erroneously paid through mistake monies to which it was no longer entitled. This court found "[t]here

can be no doubt of the State's right to a refund of money paid out through mistake under the time-honored and well recognized principle that one may not retain money or goods which have come into his hands through mistake and which he is not, in good conscience, entitled to retain. [Cits.]" Id. at 819 (2).

Here, the only claim which the department can make to the money received by Speed from the tortfeasors is that provided by the lien in OCGA § 49-4-149, since the department took no steps to recover the funds as reimbursement from the tortfeasors pursuant to OCGA § 49-4-148 and since the common law theory of money had and received is not applicable.[1] The department cannot be said to have been the "true owner" of the monies received by Speed from the tortfeasors, any more than an injured person's insurance company which pays money under a medical policy is entitled to reimbursement from funds paid by the tortfeasor absent contractual provisions providing such a remedy as between the insurer and the insured. See *Shook v. Pilot Life Ins. Co.*, 188 Ga. App. 714, 715 (1) (373 SE2d 813) (1988).

Since the one-year statute of limitation for recovery on the lien had admittedly expired and there was no other viable cause of action made out by the department, the grant of summary judgment was appropriate. OCGA § 9-11-56.

2. Because no viable cause of action existed as a matter of law, we need not consider the venue argument of the department.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Michael J. Bowers, Attorney General, William C. Joy, Kathryn L. Allen, Senior Assistant Attorneys General, Davis & Davis, Jefferson J. Davis*, for appellant.

*Hallman & Associates, Ronald W. Hallman, Berrien L. Sutton*, for appellees.

---

[1] This holding is also consistent with 42 USCA § 1396p (b) (1), restricting recovery of "medical assistance correctly paid" to certain situations not applicable here.