## MORRIS, receiver, *v.* WILSON *et al.*

Where a defendant in error who was a necessary party was not served with the bill of exceptions within ten days after its certification, and did not waive service, the writ of error must be dismissed on motion.

No. 4516.   JANUARY 14, 1925.

Receivership, etc.   Before Judge Bell.   Fulton superior court. May 7, 1924.

*Little, Powell, Smith & Goldstein* and *Parker & Patterson,* for plaintiffs in error.

*Edgar A. Neely* and *Kendrick L. Scott,* contra.

GILBERT, J.   A petition was filed by Reed Oil Corporation against L. J. McMullin, doing business under the trade-name of Advance Oil Company, praying for the appointment of a receiver and other relief.   Certain creditors, including W. C. Wilson and Morris-Forrester Oil Co., filed interventions.   Morris, receiver of Advance Oil Co., Morris-Forrester Oil Co., and others sued out the writ of error.   The bill of exceptions recites:   "The only part of the judgment of the court excepted to being the allowance of the claims of W. C. Wilson and failure to give full force and effect to the mortgage of Morris-Forrester Oil Company."   W. C. Wilson moved to dismiss the bill of exceptions, because it was certified on July 15, 1924, and not served upon him until August 28, 1924, more than ten days after the date of certification; because it was tendered to the judge July 15, 1924, and by him returned to counsel for correction, and was not again tendered duly corrected until August 15, 1924, which defendant in error contends was an un-

reasonable delay in the absence of an excusable explanation; and because Advance Oil Company, a material party in the original case, is not named or designated as a party in the bill of exceptions. The certificate of the judge upon the bill of exceptions is dated July 15, 1924. The form generally used in procuring acknowledgments of service appearing on the bill of exceptions was stricken, and the following substituted: "Copy of the within bill of exceptions received, but not within the time allowed by law. Hence no formalities are waived or acknowledgment except receipt of copy. This August 28th, 1924. [Signed] A. E. Wilson, Attorney for W. C. Wilson."

The motion to dismiss the bill of exceptions must prevail, on the ground that W. C. Wilson, one of the defendants in error, a necessary party, was not served within ten days after the certification of the bill of exceptions, as required by law (Civil Code (1910), § 6160), and such service was not waived. *Reynolds Banking Co.* v. *Beeland,* 142 *Ga.* 242 (82 S. E. 662); *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211); *Webb* v. *Deadwyler,* 149 *Ga.* 220 (99 S. E. 888); *Spratt Chair Co.* v. *Ætna Insurance Co.,* 154 *Ga.* 840 (115 S. E. 647). In the brief of plaintiffs in error the contention is made that this court, in deciding the case of *Consolidated Naval Stores Co.* v. *McPhatter,* 147 *Ga.* 797 (95 S. E. 686), overlooked the practice statute of 1911 (Ga. Laws 1911, p. 63), and that that decision is in conflict with the act. The contention of counsel is erroneous. There was no acknowledgment of service in that case; consequently there could have been no waiver, under the terms of the act of 1911. In the present case there was an express reservation made by counsel.

*Writ of error dismissed. All the Justices concur.*