### BAGGERLY, treasurer, *v.* BAINBRIDGE STATE BANK.

1. The trustees of local school districts are not authorized by law to borrow money for defraying the expenses of operating schools in such districts, and no action will lie upon notes given by such trustees to a bank for money borrowed to maintain and operate a school in a local school district.

2. But where money borrowed by the trustees of a school district was used in defraying the lawful current expenses of operating a school in such district for the year 1924, to the payment of which expenses school funds of the district for that year, derived from taxes and otherwise, could be legally applied, the lender of such money would be subrogated to the rights of the holders of such lawful liabilities against the trustees of the district which were paid out of the proceeds of the illegal loans; and an action for money had and received could be maintained by the bank which had loaned the money to the trustees, which money had been used by them to discharge legally incurred liabilities for such current expenses, although the trustees of the district had no authority to borrow the money or to give a note therefor in their official capacities.

3. While as a general rule creditors without liens can not enjoin their debtors from disposing of their property, and while after judgment there must be some special circumstance to authorize equitable interference in behalf of the creditor seeking to collect his debt, yet when a creditor has a lien, title, or interest in property, he can invoke the equitable power of the court to prevent by injunction interference by another therewith, in a case where the facts render the grant of such relief appropriate.

(*a*) Where a bank loaned money to the trustees of a school district to defray the current expenses of conducting a school therein, and the trustees gave to the bank a draft upon the tax-collector of the county for the loan, to be paid out of the taxes to be collected for the dis-

trict during the year, such draft was an equitable assignment of such funds, which was enforceable as such in an equitable proceeding.

4. The plaintiff's remedy at law was not as full, complete, and adequate as the remedy in equity. In the latter forum it was seeking to protect and preserve a fund to which it had an equitable title; and its right to relief is analogous to the case of a trespass, destructive of the freehold, or continuing in its nature, or involving a multiplicity of suits, which a court of, equity will enjoin, although the trespasser may be solvent and capable of responding in damages.

5. The application of the plaintiff for mandamus, to compel the trustees of the school district to pay its claim, does not estop it from seeking relief by injunction against the treasurer of the school district, to restrain him from applying these funds to the payment of the expenses of the school for the year 1925, and thus disposing of these funds which the plaintiff is entitled to have applied to its demands, these remedies not being inconsistent.

No. 4840. June 22, 1925.

Injunction. Before Judge Custer. Decatur superior court. March 14, 1925.

The Bainbridge State Bank on February 27, 1925, filed its equitable petition against Otis Baggerly as treasurer of the Brinson Consolidated School District of Decatur County, and made these allegations: Said school district is indebted to the petitioner in the sum of $3,700 or more. Said indebtedness is past due and unpaid. There are in the hands of the treasurer of said school district approximately $1600, and there is a balance of taxes due to said school district of approximately $1450. Both of said sums are from taxes assessed for the year 1924. The scholastic year is from January to January, and the funds for a given year shall go to pay the expenses of that scholastic year, or to liquidate debts, and shall not be paid out for expenses incurred in the operation of the school for the following year. The treasurer of said school is threatening to pay said sums, derived from the revenue of 1924, to the discharge of expenses incident to the operation of said school for the year 1925. Said funds should be paid to petitioner, and should not be applied to the payment of salaries and expenses incident to the operation of the school for 1925; and if the treasurer is allowed to appropriate the funds of 1924 to the expenses incident to the operations of 1925, petitioner will have no remedy whereby it can collect its debt, or as much as can be paid out of the available funds of 1924. The treasurer should be enjoined from appropriating the money derived from 1924 to the expenses incident to the operation of the school in 1925, but each year should

bear the expenses of its operation. Said funds should be appropriated to the liquidation of petitioner's claim. There is pending in this court a mandamus requiring the payment of said fund to petitioner, which will be heard at the regular May term thereof. Petitioner prayed for process and for general relief, and that the treasurer be restrained from paying out the funds in his hands, or which may come into his hands, for the scholastic year 1924 to expenses incident to the operation of the school.

The defendant demurred to the petition, on the grounds: (1) That it set forth no cause of action. (2) That there is no equity therein. (3) That it shows no right in complainant to an injunction. (4) That the complainant has no lien, and does not allege any special reason for taking its case out of the general rule that a creditor without a lien is not entitled to an injunction. (5) That the plaintiff, as it has pending in the court a mandamus requiring the payment of this fund to it, is not entitled to an injunction. The defendant demurred specially to the allegation that the Brinson Consolidated School District is indebted to the complainant in the sum of $3,700, on the grounds that it is vague, uncertain, and indefinite, and that it is not alleged how, where, or in what manner, or for what purpose, or by whom said indebtedness was incurred.

In his answer the defendant alleged, that from lack of sufficient information he could neither admit nor deny that the school district was indebted to petitioner in the sum claimed; that he and the board for which he is superintendent had not contracted any indebtedness with petitioner; that in the recent mandamus proceedings petitioner claimed that the school district was only indebted to it in the sum of $2,200; and that the claim of the bank has not been sued to judgment. He admits that he has in hand approximately $1,600 collected from taxes of 1924, but from lack of sufficient information can neither admit nor deny the amount that in the future will be collected from that year's taxes. He further sets up that his understanding of the law is that he can pay whatever moneys come into his hands for the necessary operating expenses of the school, and that it is his intention to pay the salaries of the schoolteachers, truck hire for bringing the children to and from school, fuel bill, and other actual necessary expenses of operating the school from any funds in his hands, unless he is

enjoined. He further alleges, that if there is any indebtedness due by said district to the complainant, it was for money borrowed by former trustees while the school was not in operation during the summer; that no reason exists why petitioner should be preferred in the payment of its debts, if such debts exist, over others, and especially over teachers and others, performing actual services in connection with the operation of the school; that there are a number of debts outstanding older than the debt of the plaintiff, and if the tax money can not be used for the operation of the school, but must be used for the payment of money borrowed by former trustees, then he submits that the oldest debt should be paid or that the debts should be paid on pro rata basis, and that no special preference should be given to plaintiff; that he should not be restrained from paying out moneys derived from taxes or otherwise in 1924 to expenses incident to operating the school in 1925. He admits that the mandamus is pending, alleging an indebtedness of $2,200 borrowed by trustees on August 6, 1924, and says that the filing of this petition is the first that he has ever heard of a claim of $3,700 due petitioner.

On the hearing of the application for injunction the verified petition and answer were in evidence. For the plaintiff it appeared that the Brinson Consolidated School District owed the bank about $4,700 evidenced by a note dated June 9, 1924, for $4,925 due six months after date, signed "Brinson Consolidated School, J. T. Powell, Chairman, A. Y. Jones, Sec'y. & Treas.," and indorsed by certain trustees of the district as individuals. There was a credit on June 18, 1924, of $175, and one on August 6, 1924, for $3,046.66. This last credit was made up with money and a draft for $2,200, drawn by A. Y. Jones, Sec'y. & Treas., Brinson Consolidated School, on August 6, 1924, payable January 2, 1925, on T. N. Battle, tax-collector, and by him accepted on August 6, 1924, but the payment of which has been enjoined by the court. Evidence of the plaintiff showed that all the money borrowed from the bank was used for school purposes, and that the defendant as treasurer had in hand the sum of $2,047.53, and that there was still due in uncollected taxes $1,449. It further appeared that there was a sufficient amount of local tax to meet the operating expenses of the school for the year 1924 and to pay the above draft for $2,200 accepted by the tax-collector, and that the funds

of 1925 would lack about $200 of being sufficient to operate the school for nine months in that year. When this case came up for hearing, the tax-collector refused to accept any more drafts, and the trustees could not borrow money, the county board of education offered to borrow money to the amount of the district local tax, in order to pay the teachers promptly. This offer was made to the Brinson Consolidated School District.

It appeared from the evidence introduced by the defendant, that the members of Pine Grove School District, which was consolidated with the Brinson Consolidated School District, did not know of the indebtedness to the bank before the consolidation; that the consolidation was held on August 5, and the above draft was given on August 6. The defendant deposed that if he was enjoined from paying out the funds in his hands to the schoolteachers and other legitimate expenses in the operation of the school, it would be impossible for said school to operate or for the teachers to be paid.

The court rendered the following judgment: "After hearing the evidence the court finds that there is in the hands of the treasurer of the Brinson Consolidated School District the sum of $2,047.53, and that there is uncollected on 1924 taxes the sum of $1,449.00; and the court holds that said sums are, in equity and good conscience, subject to the claim of the Bainbridge State Bank and subject to be applied in payment of any judgment that may be procured by said bank in its mandamus proceeding. However, the defendant, Otis Baggerly as treasurer, is authorized to pay out of said funds the money necessary to operate said school, and such other money as may come into his hands or that of his successor in office shall be impressed with the character of a trust to pay said debt if the same is adjudicated to be due upon the trial of said mandamus proceeding; it being the purpose of this provision to allow a substitution of funds for those used during the present term out of taxes for the year 1925." To this judgment the defendant excepted.

*Vance Custer Jr.,* for plaintiff in error.

*Hartsfield & Conger,* contra.

HINES, J. (After stating the foregoing facts.)

1. Are the trustees of local school districts authorized by law to borrow money for the operation of the schools in their districts?

The lack of such power is strenuously pressed by counsel for the plaintiff in error; and the proper answer to the above question is the first matter for our consideration. It is a settled rule that public officers have only such powers as are granted them; that they take nothing by implication; that the law granting their powers is to be strictly construed, and that persons dealing with them must at their peril ascertain the extent of their powers. Civil Code (1910), § 303; *Dent* v. *Cook*, 45 *Ga.* 323; *Penitentiary Co.* v. *Gordon*, 85 *Ga.* 159 (11 S. E. 584); *City of Dawson* v. *Waterworks Co.*, 106 *Ga.* 696 (32 S. E. 907); *Walker* v. *Georgia Ry. &c. Co.*, 146 *Ga.* 655 (92 S. E. 57). The powers of the trustees of local school districts which do not levy a tax for educational purposes are defined in section 121 of the Code of School Laws (Acts 1919, p. 336); and the powers of the trustees of such districts as levy a tax for such purposes are defined in section 129 of said code (Acts 1919, p. 341). There is no provision of law authorizing either class of such trustees to borrow money with which to pay the operating expenses of schools in their respective districts. *Board of Education* v. *Fudge*, 4 *Ga. App.* 637 (3) (62 S. E. 154). This being so, no action would lie upon notes given by trustees of a local school district to a bank, for money borrowed to maintain and operate the school in said district.

2. But the money borrowed by the trustees of this school district was used in defraying the current expenses of operating the school in this district for the year 1924. These expenses were lawful liabilities of the district to which its funds, derived from taxes and otherwise, could be legally applied. This being so, an action for money had and received could be maintained by the bank which had loaned money to the trustees, which money had been used by them to discharge legally incurred liabilities for such current expenses, although the trustees of the district had no authority to borrow the money or to give a note therefor. The lender in these circumstances would be subrogated to the rights of the holders of such lawful liabilities against the trustees of the district which were paid out of the proceeds of the illegal loan. *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). We construe the petition as an equitable action for money had and received, and not as one undertaking to recover upon the note given by the trustees for the

money borrowed from the bank. We think that the petition set forth such a cause of action, and was not subject to the general demurrer. Whether subject to special demurrer, if one had been urged, on the ground of nonjoinder of necessary parties, is not now for decision by this court.

3. But it is urged by counsel for plaintiff in error that the petition does not make a case authorizing the grant of a temporary injunction, inasmuch as the claim of the complainant has not been reduced to judgment. As a general rule, creditors without liens can not enjoin their debtors from disposing of their property, nor obtain injunction or other extraordinary equitable relief. Civil Code (1910), § 5495. Even after judgment, there must be some special circumstance to authorize equitable interference in behalf of the creditor seeking to collect his debt. *Dodge* v. *Pyrolusite Manganese Co.,* 69 *Ga.* 665. Where a creditor has a lien or title or interest attaching to the property of his debtor, he can invoke the equitable power of the court to prevent, by injunction, interference by another therewith, in a case where the facts would render the grant of such relief appropriate. *Carter* v. *Johnson,* 156 *Ga.* 207 (6) (119 S. E. 22). When the bank loaned this money to the trustees of this school district, the latter gave to it a draft upon the tax-collector of the county for the payment of the loan out of the taxes to be collected for the district during the year, which had been levied upon property of owners within the district to meet the current expenses of conducting the school therein. While this draft was not an assignment of the legal title to that portion of the tax fund therein specified, it was an equitable assignment which was enforceable as such in an equitable proceeding. *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499); *Brown* v. *Southern Ry. Co.,* 140 *Ga.* 539 (79 S. E. 152). Such equitable assignment of the tax fund clothed the bank with such an interest in the fund as would authorize it to apply to a court of equity for injunction to prevent illegal interference with such right in a case where the grant of such relief was proper.

4. It is next insisted that the equitable relief of injunction does not lie in this case, because the plaintiff has a complete and adequate remedy at law. It is true that injunction will not lie where a complainant has such complete and adequate legal remedy. *Johnson* v. *Gilmer,* 113 *Ga.* 1146 (39 S. E. 469); *Eslinger* v.

*Herndon,* 158 *Ga.* 823 (124 S. E. 169, 900). But we do not think that the complainant has a full and adequate remedy at law. The plaintiff is seeking to preserve a fund to which it has an equitable title by reason of the equitable assignment of these funds. The treasurer was threatening to divert them from the payment of the claim of the bank, and to apply these funds to the payment of the current expenses of the school for the year 1925, when they were properly applicable to the payment of the expenses incurred in conducting the school for the previous year. If this purpose were carried out, the equitable title of the complainant to these funds would be defeated, and the bank could not subject them to the payment of its demand. The bank was endeavoring to preserve the fund by injunction, and to have the same applied to the payment of its demand, by virtue of its equitable title thereto for that purpose. The purpose of this suit was to prevent the treasurer of the trustees from time to time paying out these funds to which the complainant had an equitable title, and to prevent the dissipation of a fund to which it was so entitled. The right of the plaintiff to injunctive relief is analogous to the case of destructive or continuing trespass, which a court of equity will enjoin although the trespasser may be solvent and capable of responding in damages. *Camp* v. *Dixon,* 112 *Ga.* 872 (38 S. E. 71, 52 L. R. A. 755); *Enterprise Lumber Co.* v. *Clegg,* 117 *Ga.* 901 (45 S. E. 281); *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (50 S. E. 164); *Loudermilk* v. *Martin,* 130 *Ga.* 525 (61 S. E. 122); *Gray* v. *Guthrie,* 134 *Ga.* 273 (67 S. E. 799). The legal remedy of the complainant to sue the treasurer for each and every conversion of these funds, even though he is solvent and able to respond, is not as full, complete, and adequate as that afforded by the grant of an injunction to prevent the dissipation and conversion of the fund and by equitable decree for its payment to the complainant.

5. But it is urged that the complainant is estopped from applying for injunctive relief, by reason of the fact that he has sued out a mandamus to compel the payment of these funds to the discharge of its demand. It is insisted that the plaintiff, having resorted to the remedy of mandamus, can not now resort to a court of equity for injunctive relief. This contention is based upon the ground that the remedy by mandamus and that by injunction are inconsistent proceedings, and that the choice of the former by the

complainant precludes him from resorting to the latter. We do not think that under the facts of this case these remedies are inconsistent. In *Whigham* v. *Davis*, 92 *Ga.* 574 (18 S. E. 548), this court held that the double remedy of injunction and mandamus was not appropriate for one and the same case; but in this case the complainant is not seeking the enforcement of both of these remedies. Furthermore, under the circumstances of this case both of these remedies might be appropriate.

6. The hearing of the application for injunction was had in vacation and prior to the appearance term of the court. The judgment rendered by the chancellor is set out in full in the statement of facts. The plaintiff in error treats this judgment as the grant of an injunction, and for this reason we shall so treat it. Under the rulings above made we do not think that the chancellor erred in granting the temporary injunction. The trial judge went further, and seems to have rendered a final judgment fixing the right of the complainant to these funds. He provided in his judgment that the treasurer should be permitted to pay out these funds to discharge the current expenses of the school for the year 1925, and that the funds of the school district for the succeeding year should be impressed with a trust in favor of the complainant. This being a hearing in vacation of an application for injunction, the judge was without jurisdiction to make a final disposition of the case and to award these funds to the complainant. *Chason* v. *O'Neal*, 158 *Ga.* 725 (7) (124 S. E. 519). Furthermore, we think that the judge was without authority to authorize the treasurer to expend the funds of this district, which arose during the year 1924, to the payment of the expenses of this school for the year 1925. However, we affirm the judgment of the court below, with the direction that it so modify its judgment as only to restrain the defendant from paying out these funds until the rights of the complainant can be determined by the final decree in the case.

*Judgment affirmed, with direction. All the Justices concur, except Gilbert, J., absent for providential cause.*