POWELL *et al.*, trustees, *v.* BAINBRIDGE STATE BANK.

1. The trustees of a local school district are not empowered or authorized by law to borrow money. Consequently, where such trustees borrowed $2200 from a bank upon the draft of the secretary of said board of trustees upon the tax-collector, which was accepted by the latter, no liability attached to the local school district or to the trustees who succeeded the original borrowers. 8 Park's Code Supp. 1922, §§ 1438, 1438(m); Civil Code (1910), § 303.

2. Under the principle just announced, it was error to overrule a general demurrer to a petition seeking a mandamus absolute to compel the board of trustees to pay the indebtedness claimed by the bank as having been incurred by the preceding board of trustees.

No. 4754.    FEBRUARY 19, 1926.

Mandamus. Before Judge Custer. Decatur superior court. February 2, 1925.

*T. S. Hawes,* for plaintiffs in error.

*Hartsfield & Conger,* contra.

RUSSELL, C. J.   On August 6, 1924, the trustees of the Brinson consolidated school district, at that time composed of J. T. Powell, A. Y. Jones, H. H. Brinson, W. W. Russell, and C. S. Hodges, issued a draft which was accepted by T. M. Battle, tax-collector, which was traded to and discounted with the Bainbridge State Bank, the board of trustees receiving the proceeds of the draft, which was executed to carry on and operate the Brinson consolidated school for the fall session of 1924.   Subsequently three new members of the board of trustees were substituted for Jones, Brinson, and Russell, to wit, Otis Baggerly, W. H. Powell, and R. L. Z. Bridges.   When the debt to the bank matured on January 2, 1925, the board of trustees as then constituted refused to pay the draft or the indebtedness which it represented.   Thereupon the bank filed a petition for mandamus to compel the trustees of the Brinson consolidated school district to pay the same.   The facts

Mandamus 38 C. J. p. 556, n. 54; p. 603, n. 97; p. 868, n. 27.
Schools and School Districts 35 Cyc. p. 911, n. 86; p. 976, n. 31, 32.

stated above appear from the petition; and it is alleged in addition, that the fiscal year of the schools of Georgia is from January 1 to January 1 of each year; that the defendants as trustees have or will have a sufficient amount from the available funds for the scholastic year of 1924, over and above the necessary expenses of operation, to pay the obligation; that the local tax of 1924 will amount to $2300; that there is now in the hands of the treasurer from the funds of 1924 $1078; that the tax-collector now has on hand collected from the local tax of 1924 a sufficient amount to pay off and discharge the debt; that the law contemplates that the funds derived for a scholastic year shall be appropriated to the operation and expenses of the schools of that year, and, there being a sufficient fund in the hands of the local treasurer and of the tax-collector, either actually collected or that may be collected out of the revenues for the year 1924, to pay the obligation, there is no valid reason why this should not be done; that the board which was constituted when the fund was procured acted in good faith, and the petitioner, in cashing the draft on said acceptance, acted. in good faith; and that as the action of the board of trustees was in their official capacity, and petitioner has. no adequate remedy at law, the board of trustees as such should be required to issue its check signed by the secretary and treasurer and countersigned by the president of the board, to pay said indebtedness. There was a prayer for a rule nisi, for the grant of a mandamus absolute, and for process. The plaintiff amended so as to attach a copy of the draft and by identifying the draft as being the debt sued for; and further pleaded that the debt sued for is one for the payment of which a tax may be legally levied. The defendant demurred upon the ground that the petition as amended set forth no cause of action, and did not show any authority in A. Y. Jones, "treasr," to sign a draft or borrow money, nor show any resolution of the board of trustees to borrow said money; and upon the further ground that the trustees of Brinson consolidated school are not alleged or shown to have authority to borrow money. The demurrer was overruled, and the defendants excepted.

It is well settled that mandamus will not lie to compel a public officer to perform as a duty an act which the law has not empowered, directed, or authorized him to do. The draft attached to the petition was signed only by "A. Y. Jones, secty. and treas.

Brinson Scho." There is no reference in the draft to the Brinson consolidated school district, nor is there any allegation in the petition that the execution and issuance of the draft had been authorized by resolution of such board of trustees, as is required in the event that county boards of education desire to borrow money. However, we deem it unnecessary to say more on this point, because the real qusetion (since mandamus is not available to compel an illegal act) is whether the trustees of a consolidated school district are authorized by law to borrow money for temporary emergencies in order to continue the operation of the school? Taking the allegations of the petition as true, it must be admitted that the money borrowed in this case was procured and loaned in perfect good faith, and that it has been used for school purposes of some nature; but neither one of these would authorize the issuance of a mandamus to compel the present board of trustees of the Brinson consolidated school district to levy a tax as set forth in the amendment to the petition. But it is alleged that the treasurer has in his hands $1078, and that there will be collected from taxes already levied for the year 1924 a sufficient amount to pay and discharge the obligation, and that for this reason a mandamus should issue; thus raising the contention, that, even though the trustees of a consolidated school district were not empowered to levy a tax, the debt was valid and the money was used to carry on the school in the year 1924, and that the funds referred to, either being in hand in 1924 or to be collected for the purposes of 1924, created such liability as that the board of trustees should be compelled to discharge the obligation. Regardless of all other questions, it seems plain to us that if Jones, as secretary and treasurer of the Brinson consolidated school district, was authorized to draw the draft, the mandamus should be issued. If there is no warrant or authority of law for the trustees of a local school district, or more than one school district when consolidated, to borrow money, except in the manner prescribed by law for the issuance of bonds, then the obligation can not be treated as an official obligation, and the creditors would be remitted to an individual personal liability altogether different from liability on the part of the board of trustees of the local school districts or of the consolidated school district. The grant of power to public officers to borrow money which must be repaid by the taxpaying

public can not be implied. Such power rests upon an express grant, subject to such restrictions and limitations as the law-making power may see fit to impose. We have been unable to find any legislative authority for the board of trustees of a local school district or a consolidated school district to borrow money, other than the exceptions referred to above; and for this reason we think the learned trial judge erred in overruling the demurrer. In our opinion, the board of trustees had no authority of law authorizing them to borrow money; and though the bank doubtless acted in the utmost good faith, an examination of the law would doubtless have created in the minds of its officers such a degree of caution as would have caused them to decline to make the loan. The same question as raised here was presented in *Board of Education of Miller County* v. *Fudge, 4 Ga. App.* 637 (62 S. E. 154), as to a loan made at that time to the county board of education; and it was held, upon the authority of *Mason* v. *Commissioners, 104 Ga.* 35 (30 S. E. 513), and *Hall* v. *Greene County,* 119 *Ga.* 253 (46 S. E. 69), that the county board could not borrow money, for the same reasons as have just been stated. Subsequently the General Assembly made provision for the borrowing of money for temporary emergencies by *county boards of education;* but so far as we are aware, no such power has been conferred upon the trustees of consolidated school districts.

*Judgment reversed. All the Justices concur.*