## CONTINENTAL TRUST COMPANY *et al.* v. SABINE BASKET COMPANY *et al.*

1. Intervenors, whose interventions were allowed by orders of court passed after entry of the previous judgment excepted to, should, in order to be necessary parties to the bill of exceptions, have become parties of record by filing their interventions before the bill of exceptions was certified by the judge.
2. A writ of error lies upon the overruling of a general demurrer to the petition, as a judgment sustaining the demurrer would have finally disposed of the case.
3. Under previous rulings it was error to overrule the demurrer.

No. 6268. JANUARY 12, 1928. REHEARING DENIED FEBRUARY 20, 1928.

Receivership etc. Before Judge Mathews. Bibb superior court. September 15, 1927.

Sabine Basket Company and two other creditors of A. J. Evans, all unsecured and without judgment or lien, filed their petition against him as the sole defendant, praying judgment on their several claims, and appointment of a receiver for all of the assets of the defendant. They also prayed that all other creditors be required to intervene in the suit, and that the defendant be required

---

Appeal and Error, 3 C. J. p. 483, n. 14; p. 1015, n. 91; p. 1030, n. 96 New.

Receivers, 34 Cyc. p. 111, n. 38.

to file a list of his creditors and the status of their respective claims, "in order that they may be made parties hereto and required to intervene herein." The petition alleged that the claims of the petitioning creditors amounted to $8,088.40 principal; that there were nine outstanding judgments against the defendant, amounting to $47,492.11 principal; and that some of these judgment creditors, including Continental Trust Company, had caused levies to be made upon some of the defendant's personal property, "a sale of which, under the levies, would greatly embarrass defendant in his farming operations." It was further alleged "that the defendant is the owner of the equity in a large amount of property, both real and personal, practically all of his personal property being pledged as security for debts, and all of his real property being held by creditors under one or more deeds to secure debt," and that "the defendant is heavily involved." Evans, the sole defendant, filed an answer admitting each and every allegation in the petition, except that he expressed some doubt as to the amount of his indebtedness to one of the petitioning creditors. He attached a list of his creditors as prayed in the petition, and invoked "the court's best judgment in the handling of his property and assets for the full benefit and protection of all of his creditors."

The only opposition to the appointment of a receiver came from the Continental Trust Company, R. A. McCord, and Jesse B. Hart, who were among the judgment creditors mentioned in the petition. They intervened "for the sole purpose of resisting the appointment of a receiver," and objected thereto on the grounds that the petition set out no cause of action for the appointment of a receiver, that the plaintiffs had an adequate remedy at law, that the appointment of a receiver would seriously injure their rights by preventing them from enforcing their executions against the property of the defendant, and that the proceedings were filed in the interest of Evans himself. The attorneys for the petitioning creditors objected to this intervention being filed, and the trial court disallowed it for the purposes for which it was filed. To that judgment the plaintiffs in error excepted.

At the hearing M. C. Moseley and Mrs. Louise McDonald Sutton, unsecured creditors, filed interventions and were made parties, and Baugh & Sons Company, Thompson Grocery Company, Ni-

agara Sprayer Company, and H. W. Protho, alleging that they each held a judgment against the defendant, filed interventions and were made parties. In some of these interventions allegations were made that the defendant A. J. Evans had given certain mortgages and deeds to secure debt, which were described therein, and the intervenors alleged that they did not "know under what circumstances they were being given or the actual consideration moving thereto," but that the defendant was a large stockholder in some of the grantees, and that the wife and children of the said defendant were grantees in other conveyances, and they asked "that the receivers appointed by the court in this case look fully into the circumstances and the facts surrounding the transfers aforesaid, and that they see what consideration, if any, passed and whether or not the circumstances surrounding these conveyances were such as to make the transfers void as against the creditors of said A. J. Evans, and, if so, that the receivers be directed by the court to take such steps for the protection of the rights of creditors of the said A. J. Evans as appears wise to said receivers."

The Continental Trust Company, R. A. McCord, and Jesse B. Hart thereupon filed a demurrer to the original petition and to the interventions, upon the grounds that no cause of action was set out for the appointment of a receiver, that the plaintiffs and intervenors had an adequate remedy at law, and that the appointment of a receiver would seriously injure their rights by preventing them from enforcing their executions against the property of defendant. The trial judge overruled this demurrer, and the plaintiffs in error excepted.

Before a judgment was finally rendered upon the application for the appointment of a receiver, the Continental Trust Company, R. A. McCord, and Jesse B. Hart filed their objections to the appointment of a receiver upon the original petition or the interventions which asked for the appointment of a receiver, in which objections it was set out that Evans was not defending the petition; that the petition was brought by creditors who had no liens; that neither the original petition nor the interventions asking for the appointment of a receiver set out any cause of action for the appointment of a receiver or for other equitable relief; that the petition and interventions were wholly without equity; that the appointment of a receiver would seriously injure the legal rights

38

of the Continental Trust Company, R. A. McCord, and Jesse B. Hart, and would prevent them from enforcing their executions; that the petition shows on its face that it was filed in the interest of the defendant, and was collusive; and that the court was without jurisdiction to appoint a receiver or to grant other equitable relief upon the allegations in the original petition or the original interventions. The court overruled these objections. To this ruling the plaintiffs in error excepted. No evidence was introduced, and upon the pleadings the receivership was made permanent. To that order also the plaintiffs in error excepted.

*Jones, Jones & Johnston,* for plaintiffs in error.

*Hall, Grice & Bloch, G. B. Culpepper Jr., Cleveland, Goodrich & Cleveland, Brown & Brown, J. M. Bloodworth, R. L. & J. M. Greer, S. M. Mathews, John Y. Roberts,* and *C. L. Shepard,* contra.

HINES, J. 1. All parties to a cause who are interested in sustaining the judgment of the court below are indispensable parties in this court. *Baker* v. *Thompson,* 78 *Ga.* 742 (4 S. E. 107); *Kahn* v. *Hollis,* 124 *Ga.* 537 (53 S. E. 95); *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211); *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437); *Morris* v. *Wilson,* 159 *Ga.* 522 (126 S. E. 795); *Greeson* v. *Taylor,* 160 *Ga.* 392 (128 S. E. 177). This rule has been applied in appeals to all intervening parties to a suit. 3 C. J. 1014, § 970, C; Swearingen v. McDaniel, 12 Rob. (La.) 203; Hayden v. Mitchell (Tex. Civ. A.), 24 S. W. 1085; Fairfield v. Binnian, 13 Wash. 1 (42 Pac. 632); Old Nat. Bank v. O. K. Gold-Min. Co., 19 Wash. 199 (52 Pac. 1065); Wiseman v. Eastman, 21 Wash. 163 (57 Pac. 398); Miller v. Richards, 83 Cal. 563 (23 Pac. 936); Lindebaum v. Coale (Iowa), 99 N. W. 162; Gray's Harbor Commercial Co. v. Wotton, 14 Wash. 87 (43 Pac. 1095). But this rule is not applicable to a person not a party to the case in the trial court. *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629). So where interventions were allowed by orders of the court entered thereon, but were not filed until after the judgments excepted to were recorded and a bill of exceptions had been sued out to review such judgments by the losing parties, intervenors in such interventions were not such parties of record as made it necessary for the excepting parties to make them parties defendant to the bill of exceptions. Wiseman v. Eastman, supra. Intervenors, whose in-

terventions were allowed after the judgments excepted to had been entered, should have become parties of record by filing their interventions before the bill of exceptions was sued out, in order to make them necessary parties defendant in the bill of exceptions. Kidder *v.* Fidelity Ins. &c. Co., 105 Fed. 821; *Branan* v. *Baxter,* 122 *Ga.* 222 (50 S. E. 45). It follows that the bill of exceptions will not be dismissed because such intervenors were not made parties defendant in error.

2. Plaintiffs in error having demurred generally to the petition, and having excepted to the judgment overruling it, the bill of exceptions was brought to review a final judgment in the case, and the writ of error will not be dismissed upon the ground that the case is still pending in the court below. Civil Code (1910), § 6138.

3. "'A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested.' Civil Code (1910), § 5479. However, 'Creditors without lien can not, as a general rule, enjoin their debtors· from disposing of property, nor obtain injunction or other extraordinary relief in equity.' § 5495. Moreover, 'Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law.' § 4538. And furthermore, 'The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to.' § 5477. *Coolewahee Co.* v. *Sparks,* 148 *Ga.* 211 (96 S. E. 131). And applying the foregoing principles, the plaintiff without a lien was not entitled to the appointment of a receiver." *Coe Mfg. Co.* v. *Dublin & Laurens Bank,* 160 *Ga.* 675 (128 S. E. 908). It follows that the court erred in overruling the demurrer of the plaintiffs in error to the petition.

*Judgment reversed. All the Justices concur, except Hill, J., disqualified.*

### ON MOTION FOR REHEARING.

HINES, J. The defendants in error filed their motion for a rehearing, upon the grounds: (a) that the plaintiffs in error were not allowed to intervene in the court below, and accordingly could not become plaintiffs in error; (b) that in ruling as in the

second division of the opinion the court overlooked the controlling decisions in *McConnell* v. *West,* 105 *Ga.* 468 (30 S. E. 654), *Ray* v. *Anderson,* 117 *Ga.* 136 (43 S. E. 408), and *Clark* v. *Dallas Land Co.,* 141 *Ga.* 110 (80 S. E. 556); (c) that the court overlooked the fact that section 6153, the only section relating to a writ of error as to a receivership, is a codification of the act of October 28, 1870 (Acts 1870, p. 405), and that by the very terms of that act the remedy is given only to a party to the cause; and (d) that this court overlooked the fact that prior to the appointment of receivers certain judgment creditors intervened, were made parties to the cause, and asked for receivers; and that it has never been held that the maxim that intervenors take the case as they find it is applicable to defeat the right of judgment creditors to intervene before the court acts on a petition for receiver, which was defective because the original plaintiffs were not judgment creditors or the holders of liens.

1. The history of the connection of the plaintiffs in error with this cause is as follows: On August 10, 1927, they filed with the clerk of the lower court an intervention for the sole purpose of resisting the appointment of a receiver, upon certain specified grounds. This intervention was duly filed, and was afterwards presented to the trial judge, who heard argument thereon, and withheld his decision until August 22, 1927, when he entered thereon an order as follows: "The within intervention for the purposes stated therein is disallowed." On August 10, 1927, certain other parties filed interventions and asked to be made parties plaintiff. The plaintiffs in error filed objections to these other intervenors being made parties; and demurred to and moved to dismiss the case, including the original petition and interventions, and objected to the appointment of receivers, upon grounds stated. After argument upon the demurrer and motion to dismiss, the court took the same under advisement; and on August 22, 1927, judgment was rendered as follows: "The within demurrer and motion to dismiss coming on in regular order and by regular appointment to be heard, it is considered, ordered, and adjudged that said demurrer and motion be and the same is overruled and denied of each and every ground thereof." To the order disallowing their intervention, and to the judgment overruling their demurrer to the petition and intervention and their motion to dis-

miss them, the plaintiffs in error excepted and assigned error.  It will be seen that the order disallowing the intervention and the judgment overruling the demurrer to the petition were both passed on the same day.

We agree fully with able counsel for the defendants in error that the refusal of the court to make a stranger a party to a cause is interlocutory in its nature, and that a writ of error will not lie to such refusal where there has been no final judgment in the case. See the three decisions last cited.  So, if the proper construction of the above order entered upon the intervention of the plaintiffs in error is to be held as a mere refusal to make them parties to this cause, and if there had been no final judgment thereon, such order would be interlocutory in its nature, and a writ of error would not lie to this court to review the same.  But the above order should be construed in connection with the judgment overruling the demurrer to the petition; and so construed, it should be held not to be a mere refusal to make the plaintiffs in error parties to the cause, but a judgment denying the relief which these parties were seeking.  Otherwise the court could not appropriately refuse to make them parties, and at the same time overrule the demurrer to the petition.  Furthermore, the principle announced in the above cases is not applicable, because the judgment overruling the demurrer of the plaintiffs in error was a final judgment in the cause as to them, and to such judgment a writ of error would lie to this court.  Such judgment finally disposed of the case as to those parties.  Civil Code, § 6138.  This disposes of the first three grounds of the motion for a rehearing.

2.  We come now to consider the fourth ground.  It is insisted by counsel for the defendants in error, that, conceding that the original petition did not make a case for the appointment of a receiver, for the reason that the original plaintiffs were without judgments or other liens, certain judgment creditors afterwards intervened and were made parties, and that the making of these parties cured the defect in the petition as originally brought.  We do not think that this position is sound.  Intervenors took the case as they found it.  *Charleston &c. Railway Co.* v. *Pope*, 122 *Ga.* 577 (50 S. E. 374); *Seaboard Air-Line Railway* v. *Knickerbocker Trust Co.*, 125 *Ga.* 463 (54 S. E. 138); *Virginia-Carolina Chemical Co.* v. *Provident &c. Society*, 126 *Ga.* 50 (54 S. E. 929);

*Spence* v. *Solomons Co.,* 129 *Ga.* 31 (58 S. E. 463); *Booth* v. *State,* 131 *Ga.* 750 (4) (63 S. E. 502); *Atlanta &c. Railway Co.* v. *Carolina &c. Cement Co.,* 140 *Ga.* 650 (79 S. E. 555). Intervenors in an equity suit take the case as they find it, and can not establish equities in their own behalf by intervention where the original petition in the case in which they intervene does not allege an equitable cause of action. *Smith* v. *Manning,* 155 *Ga.* 209 (4) (116 S. E. 813). Besides, the mere fact that parties are judgment creditors does not entitle them to the extraordinary remedy of receivership, unless there exists some special circumstance which entitles them to such relief. *Bessman* v. *Cronan,* 65 *Ga.* 559; *Dodge* v. *Pyrolusite Manganese Co.,* 69 *Ga.* 665; *Baggerly* v. *Bainbridge State Bank,* 160 *Ga.* 556, 562 (128 S. E. 766). The judgment creditors who intervened in this case did not set up any special circumstances which entitled them to the extraordinary remedy of receivership.

So we feel constrained to deny the motion for a rehearing.