KITE CONSOLIDATED SCHOOL DISTRICT *et al. v.* CLARK *et al.*

HILL, J. 1. Prior to the act of the legislature approved April 17, 1926 (Ga. L. 1926, p. 38), the trustees of local school districts were not authorized by law to borrow money for defraying the expenses of operating schools in such districts. *Baggerly* v. *Bainbridge State Bank,* 160 *Ga.* 556 (128 S. E. 766).

2. Even before the passage of the act of 1926, supra, the Supreme Court held: "Where money borrowed by the trustees of a school district was used in defraying the lawful current expenses of operating a school in such district for the year 1924, to the payment of which expenses school funds of the district for that year, derived from taxes and otherwise, could be legally applied, the lender of such money would be subrogated to the rights of the holders of such lawful liabilities against the trustees of the district which were paid out of the proceeds of the illegal loans; and an action for money had and received could be maintained by the bank which had loaned the money to the trustees, which money had been used by them to discharge legally incurred liabilities for such current expenses, although the trustees of the district had no authority to borrow the money or to give a note therefor in their official capacities." *Baggerly* v. *Bainbridge State Bank,* supra.

3. Where the trustees of a local school district, on April 15, 1926, borrowed from a local bank $2,000, evidenced by notes of even date, for the purpose of paying the schoolteachers for the current year of 1926, and the money borrowed was so used, and the notes were due October 5, 1926, and November 15, 1926, respectively; and where one of such notes was sold and transferred by the lending bank to another bank for value and before maturity, such transferee bank is subrogated to the rights of the lending bank of such liabilities against the trustees of the local school district. *Baggerly* v. *Bainbridge State Bank,* supra.

4. Where the trustees of a local school district borrowed from an individual a certain sum of money for current expenses for the school year, prior to the passage of the act of 1926 (Ga. L. 1926, p. 38), authorizing trustees of local school districts to borrow money in amounts not to exceed the local tax collected on property within the district during the current year, etc.; and where the sum so loaned was reloaned from year to year to the trustees, and one of the notes sued on was given by the trustees to the lender April 15, 1928, due July 15, 1929, on which interest was paid in 1928 and 1929, such last renewal note would fall within the provisions of the act of 1926, supra, authorizing the trustees to "borrow money in amounts not to exceed the local tax collected on property within the district during the current year," etc.

5. Where, in the circumstances stated above, suit was brought by the transferee bank against the local school district, as well as on the note held by the individual lender, on his note, in the city court of the county where the local school district was located, for the purpose of impounding certain funds in the hands of the tax-collector of the county, reserved from taxes for the year 1928, due the local school district, until the issues involved in the cases could be finally determined, etc.; and where the suits pending in the city court were by proper order

of the court consolidated with the instant suit, so that there would be but one trial, and the original petition, together with the amendments thereto, could be construed as an equitable action for money had and received, and not as one undertaking to recover on the notes, it was not error under the facts for the court at the interlocutory hearing to adjudge "that the restraining order heretofore granted be continued till passed upon by a jury, and that the city court of Wrightsville be enjoined from further proceeding with the suits named, and that they be consolidated with this suit so that there will be but one trial; and it further appearing that the amount in the hands of the tax-collector of Johnson County for 1928 does not exceed the borrowing power of said trustees for any year since said loan, it is ordered that the funds be impounded till further order." The portion of the order enjoining the city court of Wrightsville as therein stated will be construed as enjoining the parties to the suits pending in the city court of Wrightsville from proceeding with the same.

6. Applying the foregoing rulings, the court did not err in passing the order to which exception is taken.

7. The case of *Powell* v. *Bainbridge State Bank,* 161 *Ga.* 855 (132 S. E. 60), was different in its facts from the instant case.

*Judgment affirmed. All the Justices concur, except Gilbert, J., who is disqualified.*

No. 7666. DECEMBER .10, 1930. REHEARING DENIED JANUARY 24, 1931.

*A. L. Hatcher* and *Albon L. Hatcher,* for plaintiffs in error.
*J. L. Kent* and *Claxton & Cook,* contra.