KITE CONSOLIDATED SCHOOL DISTRICT *et al.* v.
CLARK, administratrix, *et al.*

No. 8889. OCTOBER 13, 1932.

*Hatcher & Hatcher,* for plaintiffs in error.

*J. L. Kent, C. S. Claxton,* and *J. W. Claxton,* contra.

BELL, J. J. E. Clark and Citizens & Southern Bank brought separate suits in the city court of Wrightsville against Kite Consolidated School District. Thereafter the plaintiffs jointly brought an equitable petition against the school district and others, and obtained an order merging the several suits into one action. Certain questions arising in the case were then considered by this court. See 171 *Ga.* 650 (156 S. E. 618), where the nature of the action is fully disclosed. After the case was returned to the trial court, a further amendment to the petition was allowed, and motions to strike the plaintiffs respectively as parties were overruled. The amendment sought the impounding of additional funds, and was objected to upon the grounds "that the plaintiff had no lien or judgment upon which to base the same, and that the same was irrelevant, immaterial, and contrary to law, equity, and good conscience." The motions to strike the plaintiffs as parties were based upon the contention that the joint equitable petition did not state a cause of action in favor of either plaintiff. To the orders allowing the amendment, and overruling the motion to strike, exceptions were duly taken. Pending the litigation Clark died, and his administratrix was made a plaintiff in his stead. The case was tried before a jury, and resulted in a directed verdict in favor of the plaintiffs for the amounts severally claimed by them, and to the judgment refusing a new trial the defendants excepted. During the trial the court made several rulings admitting evidence over objection of the defendants. These rulings are assigned as error in exceptions pendente lite, and also in the final bill of exceptions, but were not complained of in the motion for a new trial.

■ Before the act of April 17, 1926 (Ga. L. 1926, p. 38), the trustees of local school districts were not authorized by law to borrow money for defraying the expenses of operating the schools in such districts. But in the former decision in this case it was held in effect, that, as to money purporting to have been loaned to the district either before or after the passage of this act, the lender could maintain an action against the district for money had and received, where the funds had been actually applied to the payment

and discharge of liabilities legally incurred by the trustees in operating the school of such district. In that decision it was further held that "the original petition, together with the amendments thereto, could be construed as an equitable action for money had and received, and not as one undertaking to recover on the notes;" and also that the order as then excepted to impounding certain funds until further order was not erroneous. These several rulings became the law of the case, and are binding upon the courts and the parties in the further stages of the litigation. The propositions thus stated were declared to be the law irrespective of the act of 1926; in other words, this statute was considered to be merely cumulative, so that if money was advanced either before or after the passage of the act and was applied to the proper uses of the district, as indicated, an action for money had and received would be maintainable.

Under the law of the case, it is now held that the orders of the trial court allowing the further amendment to the petition and refusing to strike either or both of the plaintiffs as parties were not erroneous for any reason assigned; and that since the evidence established without dispute that the funds advanced by each of the plaintiffs were to discharge the legally incurred obligations of the school district, the judge properly directed the verdict in favor of each plaintiff, as for money had and received. Since the claims were not founded upon the notes, but were in the nature of actions for money had and received, it was unnecessary to show that the board of trustees had adopted a resolution authorizing the borrowing of the money, or that the act of 1926 was otherwise complied with. See, in this connection, *Board of Education of Monroe County* v. *Thurmond,* 162 *Ga.* 58 (132 S. E. 427); *Baggerly* v. *Bainbridge State Bank,* 160 *Ga.* 556 (128 S. E. 766); *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). The plaintiffs in error, in the final bill of exceptions, have attempted to enlarge upon the objections urged to the allowance of the amendment to the petition. This was not permissible. *Burdette* v. *Crawford,* 125 *Ga.* 577 (54 S. E. 677); *McCowan* v. *Brooks,* 113 *Ga.* 532 (4) (39 S. E. 115); *White* v. *Little,* 139 *Ga.* 522 (2) (77 S. E. 646).

■ The final judgment complained of in this case was the refusal of a new trial. "In this State error can be assigned on the

ruling of the trial court upon the motion for a new trial, or in a proper case there may be a direct exception. But this does not authorize a mixed practice of excepting to the overruling of the motion for a new trial and also of assigning error, in a bill of exceptions pendente lite, upon rulings made pending the trial which might and should have been included in the motion, if relied on." *Crawford* v. *Wilson,* 142 *Ga.* 734 (2), 739 (83 S. E. 667). If the movant was dissatisfied with the rulings of the court in admitting the evidence, these rulings should have been assigned as error in the motion for a new trial. Exceptions pendente lite with assignments of error thereon in the final bill of exceptions were not sufficient to bring these rulings under review, in passing upon the judgment refusing a new trial. See also *Bond* v. *Baldwin,* 9 *Ga.* 9; *Horne* v. *Guiser Mfg. Co.,* 74 *Ga.* 790; *Frank* v. *State,* 142 *Ga.* 741 (4) (83 S. E. 645, L. R. A. 1915D, 817).

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent, and Gilbert, J., disqualified.*