BOARD OF EDUCATION OF CANDLER COUNTY
*v.* FRANKLIN.
FRANKLIN *v.* BOARD OF EDUCATION OF CANDLER
COUNTY *et al.*

Nos. 16314, 16341. SEPTEMBER 14, 1948. REHEARING DENIED OCTOBER 13, 1948.

*Anderson & Trapnell*, for plaintiff in error.

*Hinton Booth* and *T. H. Kirkland*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Under a fair construction of the pleadings, the petitioner was seeking by mandamus to enforce payment of the judgments and the executions based thereon, and the amended petition was not subject to demurrer on the ground that it fails to show

whether the petitioner seeks such relief, or to recover on the notes, or for money had and received.

A controlling question is whether the amended petition was subject to demurrer on the ground that it showed the loan represented by the note for $574.55 to have been obtained at a time when the trustees of Pulaski School District had no authority to borrow money; and failed to show the loan represented by the note for $1092.65 to have been obtained under authority of a resolution such as is required by the act of 1926 (Ga. L. Ex. Sess. 1926, p. 38; Code, §§ 32-1132 et seq.).

Counsel for the Board of Education insist that in an application for mandamus a judgment is not res judicata of the validity of a claim to be paid from tax funds. In support of this insistence, several cases are cited involving mandamus proceedings where judgments had been recovered against counties upon demands which the county authorities were without constitutional power to discharge by the levy of a tax. In *Brunson* v. *Caskie*, 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002), a judgment had been recovered against a county for injuries sustained because of a defective condition of a public road, there being at that time no statute which expressly or impliedly made a county liable for such injuries. In *Board of Education of Polk County* v. *Hackney*, 161 *Ga.* 637 (131 S. E. 358), there was a judgment based on an alleged debt for services rendered by a licensed teacher in the school district under employment by the trustees, where the county board of education (which board had the exclusive power of employing teachers) did not employ the teacher, or ratify his employment, and was not a party to the judgment. The case of *Wrightsville Consolidated School District* v. *Selig Co.*, 195 *Ga.* 408 (24 S. E. 2d, 306), involved the use of mandamus to require the levy of a tax for the purpose of paying a judgment against local district trustees, where it did not appear that the claim on which the judgment was obtained was one for the payment of which a local tax could be lawfully collected. In each of those cases it was held that the court could go behind the judgment to ascertain if the liability of the county was such that it could legally levy a tax to discharge it. However, it was expressly stated in *Brunson* v. *Caskie*, supra, that the court could not go behind the judgment for the purpose of examining into the validity of the claim.

In *Baggerly* v. *Bainbridge State Bank*, 160 Ga. 556 (128 S. E. 766), decided prior to the passage of the act of 1926, this court held: "1. The trustees of local school districts are not authorized by law to borrow money for defraying the expenses of operating schools in such districts, and no action will lie upon notes given by such trustees to a bank for money borrowed to maintain and operate a school in a local school district. 2. But where money borrowed by the trustees of a school district was used in defraying the lawful current expenses of operating a school in such district for the year 1924, to the payment of which expenses school funds of the district for that year, derived from taxes and otherwise, could be legally applied, the lender of such money would be subrogated to the rights of the holders of such lawful liabilities against the trustees of the district which were paid out of the proceeds of the illegal loans; and an action for money had and received could be maintained by the bank which had loaned the money to the trustees, which money had been used by them to discharge legally incurred liabilities for such current expenses, although the trustees of the district had no authority to borrow the money or to give a note therefor in their official capacities." This decision was quoted with approval in *Kite Consolidated School District* v. *Clark*, 171 *Ga.* 650 (156 S. E. 618).

Applying the above legal principles to the facts of the present case, if while the suit by the bank against the Pulaski School District was pending before judgment in 1929 the trustees had set up as a defense that they were not authorized to borrow the $574.55 prior to the passage of the act of 1926, supra, or that in borrowing the $1092.65 they did not comply with the act of 1926, the bank which had loaned the money to the trustees could have amended its petition by asking for a judgment for money had and received. The defenses here set up went merely to the validity of the claim, and the judgments that had been recovered were not upon demands which the county authorities were without constitutional power to discharge by the levy of a tax. After judgment, except in cases of the character above indicated, the door is shut to any defenses which relate merely to the validity of the claim. The claims upon which judgments had been recovered in the present case were maintenance debts, alleged to have been incurred by borrowing money to pay teachers' salaries for the current years 1926 and 1927, which money was used for that

purpose and no other. The amounts borrowed on the notes did not exceed the amounts of local school tax collected on property within the school district during the respective years in which the money was borrowed. These essential facts being alleged, the court will not go behind the judgments to inquire into the validity of the claims.

Article 8, section 5, paragraph 1 of the Constitution of 1945 (Code, Ann. Supp., § 2-6801) confers upon the county board of education the exclusive control and management of the schools and the assets and sources of revenue for support thereof. By necessary implication the board is charged with the duty of paying the debts of the school districts, for necessary expenses, whose sources of revenue have thus been taken under control.

Under the pleadings and evidence, the petitioner was entitled to a mandamus absolute requiring the Board of Education to pay both of the executions. Accordingly, the trial court did not err in overruling the portion of the demurrer that was directed against the execution for $1092.65, as complained of in the main bill of exceptions, and in granting a mandamus absolute requiring the payment of that execution.

The court erred, as complained of in the cross-bill of exceptions, in sustaining the portion of the demurrer that was directed against the execution for $574.55.

When the Pulaski School District borrowed the $1092.65 from the bank on March 15, 1927, the Code, § 32-1135, limited repayment of such a loan by declaring that "the same shall be paid back out of any funds coming into the hands of said board of trustees from local district tax collected on property within said district." This law became a part of the contract, and the trial court did not err, against the petitioner for mandamus, as complained of in the cross-bill of exceptions, in requiring payment of the execution for $1092.65 to be made out of the school-maintenance fund levied in and for the schools of the county. The fact that Code § 32-1135 was subsequently repealed by the act of 1946 (Ga. L. 1946, pp. 206, 213) does not require a different result.

*Judgment affirmed on the main bill of exceptions. Judgment affirmed in part, and reversed in part on the cross-bill of exceptions. All the Justices concur, except Bell, J., absent on account of illness.*